The STATE of Texas and Cynthia Zuniga, Appellants,

v.

Armando HERNANDEZ, Appellee.

No. 04–90–00081–CV.

Court of Appeals of Texas, San Antonio.

Jan. 23, 1991.

Susan M. Lind, Becky R. Rainey, Asst. Atty. Gen., San Antonio, Rhonda Amkraut Bayer, Asst. Atty. Gen., Child Support Enforcement, Austin, for appellants.

Thomas Rocha, Jr., San Antonio, for appellee.

Before REEVES, C.J., and BUTTS and BIERY, JJ.

## OPINION

REEVES, Chief Justice.

This is an appeal from an order modifying a child support order.

Appellant filed a Motion For Enforcement and Further Orders on Child Support Obligation. Several months later, but before the motion to enforce was heard, appellee filed a Motion to Modify In Suit Affecting The Parent–Child Relationship. The trial court conducted a hearing on both motions which resulted in an order granting the State judgment against appellee in the amount of $3,367.48 for past due child support. The court denied the motion for contempt and refused to order appellee to provide medical and hospitalization insurance. Appellee's motion to reduce child support payments was granted.

## POINTS OF ERROR

Appellant urges four points of error on appeal. Specifically, that the trial court erred in:

1. reducing the amount of appellee's child support obligation because there was no evidence, or, in the alternative, insufficient evidence, of any material and substantial change in the circumstances of the persons affected;

2. denying appellant's motion to order appellee to provide medical and hospitalization insurance for his minor child;

3. denying appellant's motion to have an appropriate payment on arrears ordered withheld from appellee's earnings; and

4. reducing appellee's child support obligation to an amount excessively below the amount established by the child support guidelines.

## The Child Support Obligation

Texas Family Code, § 14.08 provides:
"After a hearing, the court may modify an order or portion of a decree that:
(2) provides for the support of a child if the circumstances of the child or a person affected by the order or portion of the decree to be modified have materially and substantially changed since the date of its rendition, except that a support order may be modified only as to obligations accruing after the earlier of the date of service of citation or an appearance on the motion to modify ..."

The burden is placed upon the movant to show that the requisite change in circumstances has occurred since the time of the entry of the original decree. *Baker v. Baker,* 719 S.W.2d 672 (Tex.App. —Ft. Worth 1986, no writ). To determine whether the required change has occurred, the court must compare the financial circumstances of the child and the affected parties at the time the order was entered with their circumstances at the time the modification was sought. *Penick v. Penick,* 780 S.W.2d 407, 408 (Tex.App.—Texarkana 1989, writ denied).

As in any issue concerning support of a minor child, the court's primary considera-

tion must be the "best interests of the child." TEX.FAM.CODE ANN. § 14.07(a).

Appellant requested findings pursuant to § 14.057 and those findings appear in the order of reduction. The court entered the following findings as the basis for reduction of child support:

(a) The amount of net resources available to Obligor is $793.34 after deducting $240.00 per month paid by the Obligor for the support of his minor children from a prior marriage;

(b) The amount of net cash resources available to the Obligee is $184.00;

(c) The amount of child support payments per month is computed if § 14.055, Family Code, is applied is $158.07 (if the Obligor's monthly payments for child support to his other four (4) children under 85–CI–06647 of $240.00 is deducted from the net income);

(d) The percentage applied to the obligor's net resources, which includes Obligor's monthly payments for child support to his other four (4) children of $240.00, for child support by the actual order rendered by the court is 7.5%.

Hernandez testified that his current take-home pay was $183.00 per week, after his child support payments to his other children from a previous marriage. He testified that he was current with respect to his support payments for these children "because it was docked from his pay" and that he had been unable to meet the obligations in the instant case in 1988 and 1989.

Appellee failed to introduce evidence of a substantial and material change in his circumstances since the granting of the original support order. He testified that he currently lives with his present wife (who is unemployed) and their two children. In addition, a third child of his wife by a prior marriage resides with them. He stated that his weekly salary was $183.08 after deductions for support of his four children by a previous marriage. He further testified that during 1988 he did not make all of his support payments to appellee, however, he did make payments to her whenever he was able.

■ Economic hardship resulting from the parent obligor's remarriage may not be allowed to mitigate against his dependent child of an earlier union. *Gully v. Gully,* 111 Tex. 233, 231 S.W. 97, 100 (1921); TEX. FAM.CODE § 14.056(b) provides that "The support obligation owed to a subsequently born or adopted child does not constitute cause to decrease an existing child support order." The only evidence presented to show a substantial and material change in circumstances from the entry of the original order entered was in the form of a question:

Q. "... isn't it true that you were making more money and you were trying to pay—you do have seven children, six children?

A. Yes, sir."

Without some testimony as to how much appellee was making, counsel's question suggests nothing more than a mere scintilla of evidence that appellee's circumstances have changed materially and substantially. *Baker v. Baker,* 719 S.W.2d 672, 676 (Tex. App.—Ft. Worth 1986, no writ). Such evidence amounts to no evidence of a material change in circumstances. Moreover, it is not clear whether appellee is responding to a question concerning a change in his financial situation or the additional number of children that he has. Thus there is no evidence of the financial circumstances of Michael Rene Zuniga, either at the time of the original order or now.

Accordingly, appellant's first and fourth points are sustained.

*Medical and Hospitalization Insurance*

TEX.FAM.CODE § 14.061 provides that:

(a) In any suit affecting the parent-child relationship, a court shall order that health insurance be provided for the child. The court shall consider the cost and quantity of the health insurance coverage supplied by an employer of one of the parties.

The federal regulations contain the following requirements:

... (1) Unless the custodial parent and child have satisfactory insurance *other*

*than Medicaid,* [the administrative agency shall] petition the court or administrative authority to include health insurance that is available to the absent parent ... 45 C.F.R., § 306.51(b) [emphasis added]

■ In the instant case, medical and hospitalization insurance was not provided for in the original support order. Appellant sought to modify the existing order to include such a provision. Appellee testified that he had medical insurance through his employer and that he was willing to include Michael on his policy.

In consideration of the state and federal guidelines providing for medical insurance other than Medicaid, we find that the court erred in its original denial of such support. Appellant's point of error is sustained.

### Payment on Arrears

■ In the Motion for Enforcement and Further Orders on Child Support, appellant requested that the court order an appropriate payment on arrears to be withheld from appellee's earnings. Appellee stipulated that he was in arrears in the amount of $3,367.48. The trial court entered judgment in favor of appellant in that amount and granted appellant's motion for wage withholding. Appellee testified that he had a limited income, however, he agreed to pay $10.00 per month on past due child support in addition to regular support payments. However, the court failed to order appellee to make payments towards the arrearage in any specified amount or at any specified frequency.

Absent evidence to the contrary we may infer that the court refused to order payment on arrears of any specified amount due at any specified frequency for the same reasons that it reduced the child support obligation. This was in error.

TEX.FAM.CODE § 14.43 provides that "... the court shall enter an order that provides that income be withheld from the disposable earnings of the obligor ... that additional amount to be withheld to be applied towards arrears shall be sufficient to fully discharge those arrears in not more that two years or add 20 percent to the amount of the current monthly support order, whichever will result in the arrears being fully discharged in the least amount of time ...

(d) In addition to income withheld for the current support of a child, in *appropriate circumstances and in accordance with the guidelines established for child support payments as provided in Subsection (a) of § 14.052* of this code, the court *shall* enter an order that income be withheld from the disposable earnings of the obligor to be applied toward the liquidation of any child support arrearages. The additional amount to be withheld should be sufficient to discharge those arrears in not more than two years ..." [emphasis added]

The court is given discretion to enter an order that income be withheld from the disposable earnings of the obligor in accordance with the guidelines set forth in § 14.052(b) which provide:

(b) Factors. In determining the amount of child support, the court ... may consider the following:

(1) the needs of the child;

(2) the ability of the parents to contribute to the support of the child;

(3) any financial resources available for the support of the child; and

(4) the amount of possession of and access to a child.

Accordingly, appellant's third point of error is sustained.

The judgment to reduce child support and provide medical insurance is reversed. It is rendered that the original child support order be reinstated. It is further ordered that appellee provide medical and hospitalization insurance for the child, Michael Rene Zuniga. The judgment withholding wages for arrearages is reversed and remanded for the trial court to hear on its merits.