Joseph Frank **VOROS**, Appellant,

v.

Kathleen **TURNAGE**, Appellee.

No. 01–92–00013–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Dec. 10, 1992.

Glendon B. Adams, Richard A. Mayhan, Stafford, for appellant.

James B. Hicks, Waller, for appellee.

Before SAM BASS, COHEN and HEDGES, JJ.

## ORDER

PER CURIAM.

This is an appeal from an order modifying a divorce decree.

In his first point of error, appellant claims the trial judge abused her discretion by denying appellant standard visitation rights mandated by TEX.FAM.CODE ANN. § 14.033 (Vernon Supp.1992).

The original decree named appellant as possessory conservator of the children. The legislature has provided guidelines for trial judges to follow when determining periods of possession for a possessory con-servator. TEX.FAM.CODE ANN. § 14.03(b) (Vernon Supp.1992). There is a rebuttable presumption that the standard possession order provides the minimum possession of the child for a parent named as a possessory conservator and that the order is in the best interest of the child. TEX.FAM.CODE ANN. § 14.033(k) (Vernon Supp.1992).[1] If the judge orders less time of possession than the guidelines require, she shall, upon timely request, state in the order the specific reasons for all deviations from the standard possession order. *Id.* This requirement in section 14.033(k) is mandatory. *See Chamberlain v. Chamberlain,* 788 S.W.2d 455 (Tex.App.—Houston [1st Dist.] 1990, no writ) (court held virtually identical language in TEX.FAM.CODE ANN. § 14.057 was mandatory and required the judge to file findings of fact detailing specific reasons an order varied from the guidelines).

Here, the trial judge varied from the guidelines by denying appellant possession of the children on Wednesday evenings and holidays that extended weekends. *See* TEX. FAM.CODE ANN. § 14.033(c)(2) and 14.033(d). Despite Voros' timely request, however, the judge did not state in the order the specific reasons for the deviations from the standard possession order. Instead, the judge merely concluded that, "Cross–Movant's [appellant's] visitation is in variance with the guidelines in that the special needs of the child subject of this suit, render Wednesday and extended Monday holidays unworkable and inappropriate."

The legislature intended to restrain the exercise of discretion by trial judges within the fairly narrow confines of the standard order except when good reasons justify the deviation. John J. Sampson, *Conservator-*

---

1. TEX.FAM.CODE ANN. § 14.033(k) provides:
   Rebuttable Presumption. In any suit affecting the parent-child relationship, there is a rebuttable presumption that the "standard order" set forth in this section provides reasonable minimum possession of a child for a parent named as a possessory conservator and that the order is in the best interest of the child. *A court may determine that the appli*cation of these guidelines would be unworkable or inappropriate under the circumstances and not in the best interest of the child. Without regard to Rules 296 through 299, Texas Rules of Civil Procedure, in all cases in which possession of a child by a parent is contested and the possession of the child is set by the court in variance of the guidelines, on written request made or filed with the court not later than 10 days after the hearing or on oral request made in open court during the hearing, the court shall state in the order the specific reasons for all deviations from the standard possession order.

*ship, Possession, and Support of Children,* 21 TEX.TECH.L.REV. 1323, 1360 (1990). The judge's finding quoted above does not adequately specify the reasons justifying the deviation from the guidelines. Therefore, we stay proceedings in this Court and direct the trial judge to prepare supplemental findings of fact, pursuant to TEX.FAM. CODE ANN. § 14.033(k), stating her specific reasons for deviating from the standard order. *See Chamberlain,* 788 S.W.2d at 455. The district clerk shall file a supplemental transcript containing these additional findings within 30 days from the date of this order. After receiving those findings, we will determine whether the trial judge abused her discretion in deviating from the standard order.

The appeal is abated pending compliance by the district judge and the district clerk with this order.