Kilpatrick v. Davis 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00003-CV







Birgit I. Kilpatrick, Appellant



v.



Nelson Davis, Appellee








 FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 119TH JUDICIAL DISTRICT


NO. FA92-1098-B, HONORABLE DICK ALCALA, JUDGE PRESIDING







BACKGROUND 


 This is an appeal of a modification of conservatorship case tried to a jury. Pursuant
to a stipulated divorce decree, the parties were named joint managing conservators of their
daughter. Shortly thereafter, appellee and Clark Kilpatrick (appellant's present husband and then
boyfriend) were involved in a violent physical altercation. Following this brawl, appellee sought
to end the joint managing conservatorship and to be appointed sole managing conservator of the
child. Appellant countered, seeking the same relief. Based upon the jury's verdict, the trial
court's judgment ended the joint managing conservatorship and named appellee Davis as sole
managing conservator and appellant Kilpatrick as possessory conservator. We will affirm the trial
court's judgment. 




DISCUSSION


 In her first point of error, appellant urges that the trial court improperly allowed
appellee's counsel to question Clark Kilpatrick about his suspension from the Texas Department
of Public Safety ("DPS"). Appellant concedes that the evidence is relevant but contends that the
probative value of the testimony was substantially outweighed by the danger of unfair prejudice. 
See Tex. R. Civ. Evid. 403. 

 The record reveals that appellee's counsel asked Mr. Kilpatrick if he had been
involved in a fight with appellee. Without objection, Kilpatrick answered, "yes." Appellee's
counsel then asked Kilpatrick if he had been suspended from his job as a DPS Officer. Again,
without objection, Kilpatrick answered, "yes." Appellee's counsel then asked whether Kilpatrick
was still under suspension. Appellant's counsel objected to this question, claiming that the
probative value of the question was substantially outweighed by its unfair prejudice. See Tex. R.
Civ. Evid. 403. The judge overruled the objection and allowed the witness to answer. However,
even though the judge permitted inquiry into whether Kilpatrick was still under suspension, he did
not allow any elaboration as to why he remained under suspension. 

 Because appellant objected only to the question of whether Kilpatrick was still
under suspension, only the propriety of that question is properly before this court. See Tex. R.
App. P. 52(a); Morales v. Chrysler Realty Corp., 843 S.W.2d 275, 277 (Tex. App.--Austin 1992,
no writ).

 When reviewing a trial court's decision to admit or exclude testimony pursuant to
Rule 403, we employ an abuse of discretion standard. See New Braunfels Factory Outlet v. IHOP
Realty Corp., 872 S.W.2d 303, 312 (Tex. App.--Austin 1994, no writ). A reviewing court may
only reverse a trial court's evidentiary decision when the court acted in an unreasonable or
arbitrary manner without reference to any guiding principles. A reviewing court may not reverse
for abuse of discretion simply because it disagrees with the trial court's decision if that decision
was within the trial court's discretionary authority. Beaumont Bank, N.A. v. Buller, 806 S.W.2d
223, 226 (Tex. 1991). Moreover, a reviewing court should not reverse a judgment unless the
error, if any, was reasonably calculated to cause, and probably did cause, the rendition of an
improper judgment. See Tex. R. App. P. 81(b); Gee v. Liberty Mut. Fire Ins. Co., 765 S.W.2d
394, 396 (Tex. 1989). 

 We hold that the trial court acted within its discretion in allowing the testimony as
to whether Kilpatrick was still under suspension. The trial judge noted that the question was
probative as to the stability of the Kilpatrick home and that the question posed minimal, if any,
prejudice. Moreover, concerned about potentially unfair prejudice and confusion of the issues,
the trial judge would not allow any further inquiry into why Kilpatrick was still under suspension. 
Thus, it seems the trial court was mindful of the balance between probative value and unfair
prejudice. We cannot say that the court abused its discretion by overruling the objection and
admitting evidence that appellant's husband remained under suspension. We overrule appellant's
first point of error. 

 In her second point of error, appellant complains that the trial court should have
granted her a new trial because the evidence was legally insufficient to support the jury's verdict
that appellee should be named sole managing conservator. In deciding a legal sufficiency point
of error that attempts to overcome an adverse fact finding as a matter of law, we must first
consider only the evidence and inferences tending to support the finding of the trier of fact and
disregard all evidence and inferences to the contrary. If there is some evidence in support of the
finding, the point of error must fail. If there is no evidence to support the finding, we must then
examine the entire record to see if the contrary proposition has been established as a matter of
law. Sterner v. Marathon Oil Co., 767 S.W.2d 688, 690 (Tex. 1989); Holley v. Watts, 629
S.W.2d 694, 696 (Tex. 1982); Texas & N.O.R. Corp. v. Burden, 203 S.W.2d 522, 528-31 (Tex.
1947); see William Powers, Jr. & Jack Ratliff, Another Look at "No Evidence" and "Insufficient
Evidence," 69 Tex. L. Rev. 515, 523 (1991); Michol O'Connor, Appealing Jury Findings, 12
Hous. L. Rev. 65, 78-80 (1974). 

 The jury charge contained instructions that the joint managing conservatorship
could be replaced by a sole managing conservatorship only if (1) the circumstances of either
parent or the child have so materially and substantially changed since the date of the divorce
decree that the decree has become unworkable and inappropriate under the circumstances, and (2)
a sole managing conservatorship would be a positive improvement for and in the best interests of
the child. See former Tex. Fam. Code Ann. § 14.081. (1) In questions one and two the jury found
that the evidence had established both criteria. In question three the jury answered that appellee
should be named sole managing conservator. The trial court rendered judgment based on the
jury's verdict.

 In support of her legal insufficiency claim, appellant lists evidence adduced at trial
favorable to her position. However, upon reviewing the record, we find much of this evidence
to be controverted. Because the record contains some probative evidence in support of the jury's
answer to question three, we cannot say that there is no evidence in support of the verdict or that
the evidence is legally insufficient. Considering only the evidence and inferences in support of
the verdict, we hold that the record contains some evidence in support of the jury's determination
that appellee should be named sole managing conservator. Therefore, we must overrule
appellant's second point of error.

 In her third point of error, appellant argues that the trial court erred in establishing
visitation times for the possessory conservator. The court ordered that appellant's visitation times
shall extend from the end of the school day on the second, fourth and fifth Friday of each month
until 6:00 p.m. the following Sunday and from 6:00 p.m. until 8:00 p.m. on each Wednesday of
the regular school term. Appellant alleges error in that (1) her weekend visitation ends at 6:00
p.m. Sunday and not on Monday mornings when school begins, and (2) her Wednesday evening
visitation begins at 6:00 p.m. and not earlier in the day when school ends.

 Times of possession are governed by guidelines in the Family Code (the "Code"). 
Tex. Fam. Code Ann. §§ 14.032, 14.033 (West Supp. 1995). (2) The statutory standard possession
order provides that, in the absence of an election by the possessory conservator, visitation times
extend from 6:00 p.m. on the first, third and fifth Friday of each month until 6:00 p.m. the
following Sunday and from 6:00 p.m. until 8:00 p.m. on each Wednesday of the regular school
term. Tex. Fam. Code Ann. § 14.033(c) (West Supp. 1995). 

 Appellant argues that pursuant to § 14.033(i) of the Code, the trial court should
have allowed her to pick up the child from school Wednesday afternoons and take her to school
Monday mornings. See Tex. Fam. Code Ann. § 14.033(i) (upon election of possessory
conservator, court may deviate from standard possession order). Appellant alleges in her brief
that, before or at the time of the modification order, she made an election to deviate from the
standard possession order. However, she provides no references to the record indicating when
she made such an election. Moreover, our search of the record fails to reveal any election. 
Therefore, we must assume that there was no affirmative election and that the trial court adhered
to the standard possession order. (3) See Tex. R. App. P. 50(d); Elam v. State, 841 S.W.2d 937,
940 (Tex. App.--Austin 1992, no pet.) (appellate court cannot accept as fact either allegations or
assertions in appellate brief which are not supported by the record). 

 There is a rebuttable presumption that the standard possession order provides the
possessory conservator with the minimum reasonable possession of the child and that the order
is in the child's best interests. See Tex. Fam. Code Ann. § 14.033(k) (West Supp. 1995); Voros
v. Turnage, 856 S.W.2d 759, 761 (Tex. App.--Houston [1st Dist.] 1993, writ denied). We hold
that appellant has not demonstrated that the trial court erred in the visitation schedule that it
ordered. Moreover, § 14.033(i) provides that the trial court may deviate from the standard order
if the party makes an election. Even if appellant did make an election, she has not shown that the
trial court abused its discretion in failing to deviate from the standard order in accordance with
her request. See Voros, 856 S.W.2d at 763. Therefore, we overrule appellant's third point of
error.



CONCLUSION


 Having overruled all of appellant's points of error, we affirm the trial court's
judgment.



 

 Marilyn Aboussie, Justice

Before Justices Powers, Aboussie and Kidd

Affirmed

Filed: January 10, 1996

Do Not Publish
1.   The statute has since been amended, Act of June 14, 1989, 71st Leg., R.S., ch. 371,
§ 7, 1989 Tex. Gen. Laws 1465, amended by Act of April 20, 1995, 74th Leg., R.S., ch. 20,
§ 1, 1995 Tex. Gen. Laws 174, eff. April 20, 1995 (current version at Tex. Fam. Code Ann.
§ 156.202).  However, these events took place before April 20, 1995 and are governed by the
prior version of the statute in effect at that time. We cite to the former statutes throughout the
opinion.
2. These statutes have since been repealed. Act of June 18, 1993, 73d Leg., R.S., ch. 766,
§§ 4 & 5, 1993 Tex. Gen. Laws 2991-96, repealed by Act of April 20, 1995, 74th Leg., R.S.,
ch. 20, § 2(1), 1995 Tex. Gen. Laws 282, eff. April 20, 1995.  (See current version Tex.
Fam. Code Ann. § 153.311 et seq.).
3.   In fact, the court did deviate slightly from the standard order in that (1) weekend
possessions begin at the end of the school day Fridays, and not at 6:00 p.m. Fridays, and (2)
the weekend possessions begin on the second, fourth, and fifth Friday, and not the first, third
and fifth Friday of the month. Appellant does not complain about these deviations. The
instant order actually provides appellant with more visitation than the standard order.



Code (the "Code"). 
Tex. Fam. Code Ann. §§ 14.032, 14.033 (West Supp. 1995). (2) The statutory standard possession
order provides that, in the absence of an election by the possessory conservator, visitation times
extend from 6:00 p.m. on the first, third and fifth Friday of each month until 6:00 p.m. the
following Sunday and from 6:00 p.m. until 8:00 p.m. on each Wednesday of the regular school
term. Tex. Fam. Code Ann. § 14.033(c) (West Supp. 1995). 

 Appellant argues that pursuant to § 14.033(i) of the Code, the trial court should
have allowed her to pick up the child from school Wednesday afternoons and take her to school
Monday mornings. See Tex. Fam. Code Ann. § 14.033(i) (upon election of possessory
conservator, court may deviate from standard possession order). Appellant alleges in her brief
that, before or at the time of the modification order, she made an election to deviate from the
standard possession order. However, she provides no references to the record indicating when
she made such an election. Moreover, our search of the record fails to reveal any election. 
Therefore, we must assume that there was no affirmative election and that the trial court adhered
to the standard possession order. (3) See Tex. R. App. P. 50(d); Elam v. State, 841 S.W.2d 937,
940 (Tex. App.--Austin 1992, no pet.) (appellate court cannot accept as fact either allegations or
assertions in appellate brief which are not supported by the record). 

 There is a rebuttable presumption that the standard possession order provides the
possessory conservator with the minimum reasonable possession of the child and that the order
is in the child's best interests. See Tex. Fam. Code Ann. § 14.033(k) (West Supp. 1995); Voros
v. Turnage, 856 S.W.2d 759, 761 (Tex. App.--Houston [1st Dist.] 1993, writ denied). We hold
that appellant has not demonstrated that the trial court erred in the visitation schedule that it
ordered. Moreover, § 14.033(i) provides that the trial court may deviate from the standard order
if the party makes an election. Even if appellant did make an election, she has not shown that the
trial court abused its discretion in failing to deviate from the standard order in accordance with
her request. See Voros, 856 S.W.2d at 763. Therefore, we overrule appellant's third point of
error.



CONCLUSION


 Having overruled all of appellant's points of error, we affirm the trial court's
judgment.



 

 Marilyn Aboussie, Justice

Before Justices Powers, Aboussie and Kidd

Affirmed

Filed: January 10, 1996

Do Not Publish
1.   The statute has since been amended, Act of June 14, 1989, 71st Leg., R.S., ch. 371,
§ 7, 1989 Tex. Gen. Laws 1465, amended by Act of April 20, 1995, 74th Leg., R.S., ch. 20,
§ 1, 1995 Tex. Gen. Laws 174, eff. April 20, 1995 (current version at Tex. Fam. Code Ann.
§ 156.202).  However, these events took place before April 20, 1995 and are governed by the
prior version of the statute in effect at that time. We cite to the former statutes throughout the
opinion.
2. These statutes have since been repealed. Act of June 18, 1993, 73d Leg., R.S., ch. 766,
§§ 4 & 5, 1993 Tex. Gen. Laws 2991-96, repealed by Act of April 20, 1995, 74th Leg., R.S.,
ch. 20, § 2(1), 1995 Tex. Gen. Laws 282, eff. April 20, 1995.  (See current version Tex.
Fam. Code Ann. § 153.311 et seq.).
3.   In fact, the court did deviate slightly from the standard order in that (1) weekend
possessions begin at the end of the school day Fridays, and not at 6:00 p.m. Fridays, and (2)
the weekend possessions begin on the second, fourth, and fifth Friday, and not the first, third
and fifth Friday of the month. Appellant does not complain about these deviations. T