Opinion issued July 11, 2002












 





In The

Court of Appeals

For The

First District of Texas






NO. 01-01-00961-CV

____________



IN THE INTEREST OF C.L.W., M.L.W., AND D.Q.P.,

MINOR CHILDREN







On Appeal from the 314th District Court

Harris County, Texas

Trial Court Cause No. 96-99642






O P I N I O N

 Appellants, Demeatrice Poole and Sandra Williams, bring this accelerated
appeal from the trial court's order terminating their parental rights concerning
C.L.W., M.L.W., and D.Q.P. In their brief, appellants challenge the sufficiency of the
evidence to support the trial court's decision to terminate their parental rights.

 We affirm.

Facts and Procedural Background


 In October 1996, the Texas Department of Protective and Regulatory Services
(TDPRS) filed a petition requesting the trial court to terminate the parent-child
relationship between appellants and C.L.W. and M.L.W. and to appoint TDPRS as
managing conservator of the children. In its petition, TDPRS alleged, among other
things, that appellants (1) voluntarily left the children alone or in the possession of
another, for at least six months, without providing adequate support for the children,
(2) knowingly placed or allowed the children to remain in conditions or surroundings
dangerous to their physical and/or emotional well-being, (3) engaged in conduct or
knowingly placed the children with persons who engaged in conduct dangerous to the
physical and/or emotional well-being of the children, and (4) failed to support the
children in accordance with their ability for a period of one year. 

 In support of its petition for custody of the children, TDPRS attached the
affidavit of its caseworker, Brian McLaurin. McLaurin's affidavit reads, in part, as
follows:

 On September 18, 1996, [TDPRS] received a priority I report alleging
physical neglect of [M.L.W.] born July 30, 1996.


 . . . .


 The case was assigned to me for investigation . . . . I visited the home
of the family and found that the roof of the home was in fact fire
damaged. One half of the home had no roof and the other half was
damaged with holes covered by plastic, held by bricks. There was no
answer at the residence.


 On September 24, 1996, several days later, I received a call from a
woman, Sharlde Rogers, who informed me that she had in her
possession the child, [M.L.W.] and her sibling, [C.L.W.] (04/01/93),
who she has had in her possession for approximately three (3) months. 
She was asked by me to keep possession of the children until I could
speak with the mother, Ms. Sandra Williams.


 When I talked with her later that day . . . she admitted living in the
burned out home and agreed to allow the children to stay in the
possession of Ms. Rogers, while she worked with [TDPRS] to better her
living arrangements.


 Once I left the meeting, she began calling Ms. Rogers and along with
Mr. Poole, the father of [M.L.W.], began threatening her, while insisting
she give the children back to them. Ms. Rogers was threatened to the
point where she changed her telephone number.


 During a visitation at a police station on October 3, 1996, between the
children, Ms. Williams, and Mr. Poole, an argument insured [sic] and
Ms. Williams and Mr. Poole attempted to flee the police station with the
children.


 At this point the police were called and after seeing the paper work
(Safety Plan) issued by me, released the children back into the care of
Ms. Rogers.


 On October 4, 1996, it was decided that the voluntary placement was no
longer safe and it was in the children's best interest to be retained in the
custody of [TDPRS] while Ms. Williams attempts to better her living
arrangements.


 On June 9, 1997, D.Q.P. was born to appellants. In November 1997, TDPRS
filed a third amended petition (1) to also terminate the parent-child relationship between
appellants and D.Q.P.

 In January 1998, following a bench trial, the trial court signed a decree
determining, by agreement, that Poole was the biological father of the children. The
trial court found that the appointment of appellants as managing conservators would
not be in the best interest of the children "because said appointment would
significantly impair the child(ren)'s physical health or emotional development." The
court appointed TDPRS temporary managing conservator of the children, appointed
the parents possessory conservators, and ordered the parents to pay child support to
TDPRS for the benefit of the children.

 In October 2001, following another bench trial, the trial court signed an order
modifying its prior decree and "finally and forever" terminating the parent-child
relationship between appellants and the children. (2) In its order, the trial court found
that each appellant had (1) engaged in conduct or knowingly placed the children with
persons who engaged in conduct dangerous to the children's physical or emotional
well-being, (2) failed to support the children in accordance with their abilities during
a one-year period, and (3) failed to comply with the provisions of a court order that
established the actions necessary to obtain the return of the children from the
temporary managing conservatorship of TDPRS. Accordingly, the trial court found
"by clear and convincing evidence" that the termination of the parent-child
relationship between appellants and the children was in the best interest of the
children.

Sufficiency of the Evidence


 In their brief, appellants generally challenge the sufficiency of the evidence to
support the trial court's findings.

 According to recitations on the face of the trial court's original decree and its
subsequent order terminating the parental relationship, a record was made by a court
reporter of each proceeding before the bench. No reporter's record has been paid for
by appellants or filed in this case. By its order of October 29, 2001, the trial court
found appellants were not indigent. Appellants do not appeal this ruling. Pursuant
to our order of April 18, 2002, we shall consider this appeal based solely on the
clerk's record and the briefs of the parties. Tex. R. App. P. 37.3(c). 

 In the absence of a reporter's record, we must presume the evidence was
sufficient to support the trial court's judgment. Vickery v. Comm'n for Lawyer
Discipline, 5 S.W.3d 241, 251 (Tex. App.--Houston [14th Dist.] 1999, pet. denied);
Voros v. Turnage, 856 S.W.2d 759, 763 (Tex. App.--Houston [1st Dist.] 1993, writ
denied); see also In re J.N.R., 982 S.W.2d 137, 142-43 (Tex. App.--Houston [1st
Dist.] 1998, no writ) (reviewing reporter's record for sufficiency of evidence to
support parental termination order). Therefore, we must presume the evidence
presented at trial supported the trial court's findings in this case.

 We overrule appellants' challenge to the sufficiency of the evidence.

Conclusion


 We affirm the judgment of the trial court.



 Terry Jennings

 Justice



Panel consists of Justices Hedges, Jennings, and Keyes.


Do not publish. Tex. R. App. P. 47.
1. The record does not contain a copy of TDPRS's second amended petition, if
any.
2. The record does not contain a copy of TDPRS's motion to modify the decree.