Opinion issued October 26, 2006













In The
Court of Appeals
For The
First District of Texas




NO. 01-05-00798-CV




SHEILA RENA PATTERSON, Appellant

V.

CLINT ALLEN BRIST, Appellee




On Appeal from the 245th District Court
Harris County, Texas
Trial Court Cause No. 2004-17094




CONCURRING OPINION

          I respectfully concur and join the majority opinion. The trial court’s finding,
that a change in C.A.B.’s primary residence was in his best interest, was based, in
part, on its interview of C.A.B in chambers. As stated in the majority opinion, this
interview was not recorded and Patterson did not object to the absence of a transcript
of this interview on appeal. As a result, while there may be some facts in the record
that do not support the trial court’s finding, we do not have the entire record of the
proceedings below. Where we have only a partial record of the trial proceedings, we
presume that the omitted portions support the trial court’s ruling. This presumption
specifically applies in family law cases where the judge conducts interviews in
chambers with a minor. Long v. Long 144 S.W.3d 64, 69 (Tex. App.—El Paso 2004,
no pet.); Voros v. Turnage, 856 S.W.2d 759, 763 (Tex. App.—Houston [1st Dist.]
1993, writ denied) (holding that where complaining party failed to request a record
of a child in chambers, the reviewing court will presume that the evidence is
sufficient to support the judge’s findings); Ohendalski v. Ohendalski, No. 09-05-222-CV, 2006 WL 2788600, at *5 (Tex. App.—Beaumont Sept. 28, 2006, no pet. h.)
(presuming evidence from unrecorded in chambers interview supports judge’s
findings and finding no abuse of discretion). Thus, “[c]onsidering that the trial court
interviewed the [child] in chambers, we must presume facts existed to support the
modification and that allowed the judge to find that the change in the [child’s]
primary residence was in [his] best interest.” Long, 144 S.W.3d at 71. Accordingly,
given the evidence before us, I cannot find that the trial court abused its discretion in
making its findings in this case.            
 
 
                                                             George C. Hanks, Jr.
                                                             Justice

Panel consists of Justices Nuchia, Keyes, and Hanks.

Justice Hanks, concurring.

Justice Keyes, dissenting. 

En banc consideration was requested. See Tex. R. App. P. 41.2(c).

A majority of the Court voted to deny en banc consideration. See id.

Justice Jennings, dissenting from the denial of en banc consideration.