Opinion issued September 20, 2007













In The

Court of Appeals

For The

First District of Texas






NO. 01-06-00445-CV






JAMIE R. O'CONNOR, Appellant


V.


DANIEL K. O'CONNOR, Appellee






On Appeal from the 310th District Court

Harris County, Texas

Trial Court Cause No. 2004-52791






OPINION DISSENTING FROM DENIAL OF REHEARING

 


 This is an appeal from a final decree of divorce and conservatorship of two
minor children. In our opinion, we affirm the judgment of the trial court, which, in
part, denies the mother visitation and physical access to the children. On rehearing,
the mother observes that no party to the case requested that she be denied physical
access, and thus the trial court's order went beyond the relief requested by the father,
who had asked that the mother be limited to supervised visits with her children. I
would grant rehearing, modify the trial court's judgment, and affirm, granting the
relief requested by the father --supervised visitation, deleting the open-ended order
barring all visitation and physical access.

 A trial court has wide latitude in determining the best interests of a minor child
and to promote the stability of the child's environment. Gillespie v. Gillespie, 644
S.W.2d 449, 451 (Tex. 1982). The denial of all visitation with their mother, 
however, could be as detrimental to the interests of the children as much as or more
than allowing supervised access. Because no one requested such relief, none of the
experts opined in the record as to whether the harm from the complete denial of
physical access would be outweighed by the harm (if any) of supervised visits. The
record thus does not support denial of all visitation. See Voros v. Turnage, 849
S.W.2d 353, 354-55 (Tex. App.--Houston [1st Dist.] 1992) (trial court abused its
discretion in departing from the standard visitation order when it did not state "good
reasons" to justify the deviation), appeal after remand, 856 S.W.2d 759 (Tex.
App.--Houston [1st Dist.] 1993, writ denied) (affirming departure based on trial
court's findings and an increase in visitation time); see also Tex. Fam. Code Ann.
§ 153.252 (Vernon 2002) (establishing a rebuttal presumption that the standard
visitation order is in the best interests of a child and provides reasonable minimum
possession of the child). Though the trial court doubtless sought to curb the effect
that the mother's disruptive and erratic behavior might have on the children, the
father thought that supervised visits would take care of the problem, and none of the
experts in the case contradicted this approach. (1) No evidence in the record indicates
that supervised visits would be harmful to the children or that visits would endanger
the children. Should the record contain such evidence, a trial court would be within
its discretion to enjoin physical access. Depriving the children of all visitation with
a parent, however, has its own physical and emotional impact --and without a
request to do so, or evidence in the record that even limited contact would itself be
harmful (as opposed to the general problems that the mother has), I would modify the
judgment to grant the relief requested by the father, delete the provision enjoining
physical access, and affirm as modified.


 

 


 Jane Bland

 Justice


Panel consists of Justices Nuchia, Hanks, and Bland.


Justice Bland, dissenting from denial of rehearing.


1. The father testified, "I'm asking the Court for supervised visitation for [the
mother] and the children. . .I would like to make it as comfortable for the children as possible
so that it doesn't interfere with their activities, but I do want the children to be able to see
their mother."