

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-12-00010-CV
_____


IN THE INTEREST OF A.D.A. AND S.L.A., MINOR CHILDREN


On Appeal from the 115th Judicial District Court
Marion County, Texas
Trial Court No. 0700108A


Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Moseley

MEMORANDUM OPINION

Kevin Shawn Armstrong, the incarcerated father of A.D.A. and S.L.A., appeals from an order denying his motion to modify the parent-child relationship. We affirm the trial court's judgment.

On October 9, 2008, the trial court entered a final decree of divorce, naming the children's biological mother, Stacy Dea Wooldridge and their grandmother Opal Wooldridge[1] joint managing conservators of the children. In this decree, the court found:

> It is in the best interest of the children that [Armstrong] not have possession of or access to the children until further orders of the Court. [Armstrong] is currently incarcerated for a felony conviction of indecency with a child and [Wooldridge] is requesting that [Armstrong's] parental rights be terminated.

Wooldridge's termination suit against Armstrong was nonsuited March 25, 2010.

While still incarcerated, Armstrong filed a motion October 15, 2010, seeking modification of the parent-child relationship. The motion claimed that "[t]he circumstances of a person affected by the order or portion of the decree providing for the possession of or access to said children ha[d] materially and substantially changed." He sought appointment as a joint managing conservator of the children, asked that Opal permit correspondence with the children, and asked that Wooldridge "be restricted to, and remain on, supervised visitation" because he was requesting termination of her parental rights.

At a telephonic hearing held January 5, 2012, Armstrong urged the trial court to find that circumstances had materially changed due to the nonsuit of Wooldridge's termination case. He

---

[1]All references to Stacy Dea Wooldridge are "Wooldridge" and references to Opal Wooldridge are made as "Opal."

2

told the court that he did not believe his indecency with a child "issue . . . for breast contact with a teenage female only" was "significant enough to warrant keeping a man from his children." Armstrong also testified that Wooldridge "will not leave a needle alone. She will not quit. . . . it's been a pattern for many many years," and that "me having contact with my children would definitely be in the best interest of the children." Armstrong added that he would support a situation where "those children could stay with Opal where they are now and remain there."

The attorney ad litem who had previously represented the children in the divorce case testified, "I still feel the same way, Judge. I don't think it's in the children's best interest for them to have contact with a convicted sex offender convicted of indecency with a child." At the hearing, the court noted, "[T]here is no order in the file, but we did have a hearing on March 26, 2010 and I wrote on the docket sheet Opal Wooldridge to have possession and custody of children, mother no unsupervised visitation." The trial court denied Armstrong's motion to modify, finding that the circumstances of the parties affected by the most recent order had not changed. Thereafter, based upon the oral ruling at the March 26, 2010, hearing, the court entered written temporary orders in the suit affecting the parent-child relationship, specifying that Wooldridge was to have "supervised possession and access of the children at the discretion of Opal Wooldridge."

We review a trial court's decision regarding custody, control, and possession matters involving children under an abuse of discretion standard. *In re D.W.J.B.*, 362 S.W.3d 777, 780 (Tex. App.—Texarkana 2012, no pet.) (citing *Gillespie v. Gillespie*, 644 S.W.2d 449, 451 (Tex. 1982); *Voros v. Turnage*, 856 S.W.2d 759, 760–61 (Tex. App.—Houston [1st Dist.] 1993, writ

3

denied)). A trial court abuses its discretion when its ruling is arbitrary, unreasonable, or without reference to any guiding rules or legal principles. *Id.* (citing *K–Mart Corp. v. Honeycutt*, 24 S.W.3d 357, 360 (Tex. 2000); *Holtzman v. Holtzman*, 993 S.W.2d 729, 734 (Tex. App.— Texarkana 1999, pet. denied)). A court may modify an order providing for the possession of or access to children if modification would be in the best interest of the child, and "the circumstances of the child, a conservator, or other party affected by the order have materially and substantially changed" since the date of the rendition of the order. TEX. FAM. CODE ANN. § 156.101(a)(1)(A) (West Supp. 2012).

One reason referenced in the trial court's October 9, 2008, decree prohibiting Armstrong's possession or access to the children was a pending suit seeking to terminate his parental rights. In his pro se brief, Armstrong argues that the trial court erred in failing to find that circumstances had substantially changed because Wooldridge nonsuited the termination proceedings against him. However, Armstrong testified that he was still incarcerated and that he would "come up for parole again in three years." His circumstances had not changed. Also, there was no testimony of any change of circumstances involving the children or Opal. Although there was some testimony that Wooldridge was engaging in drug use, the trial court addressed these concerns and granted Armstrong's wishes by only allowing Wooldridge's visitation if it was supervised by Opal.[2] We find that Armstrong failed to demonstrate that material and substantial change as contemplated by Section 156.101 of the Texas Family Code.

---

[2]Armstrong does not complain of this ruling.

Additionally, we rule that it was within the trial court's discretion to find that modification would be contrary to the best interests of the children, based upon Armstrong's attempted mitigation of his indecency with a child conviction and the attorney ad litem's testimony that contact with Armstrong would not be in the children's best interests.

We affirm the trial court's judgment.


Bailey C. Moseley
Justice

Date Submitted:     August 15, 2012
Date Decided:       August 16, 2012