**COURT OF APPEALS FOR THE**
**FIRST DISTRICT OF TEXAS AT HOUSTON**



ORDER OF ABATEMENT

Appellate case name:      LaMar Carver Bunts v. Sensimone B. Williams

Appellate case number:   01-17-00643-CV

Trial court case number:  2015-22036

Trial court:              247th District Court of Harris County

On August 14, 2017, appellant, LaMar Carver Bunts, filed a notice of appeal from the trial court's order adjudicating parentage, signed on May 16, 2017. *See* TEX. FAM. CODE ANN. § 160.636(a) (West 2016). Appellant timely requested findings of fact and conclusions of law on May 24, 2017, and then timely reminded the trial court when the findings and conclusions were overdue on June 14, 2017. *See* TEX. R. CIV. P. 296, 297.

On November 1, 2017, appellant filed this "Motion to Abate Appeal in Order to Secure Findings of Fact and Conclusions of Law." Appellant requested the findings and conclusions of law regarding the order adjudicating parentage which includes, among other things, child support and possession and access to the child, in accordance with an expanded standard possession order. The clerk's record filed in this Court on September 12, 2017, does not contain the requested findings and conclusions.

Here, because the trial court held a bench trial on July 8 and 11, 2016, and appellant timely filed a request for findings of fact and conclusions of law and a notice of past due findings, the trial court had a mandatory duty to file findings of fact and conclusions of law and erred by failing to do so. *See* TEX. R. CIV. P. 296, 297; *Nationwide Capital Funding, Inc. v. H. Epps. Co.*, No. 13-04-308-CV, 2006 WL 1030105, at *2 (Tex. App.—Corpus Christi Apr. 20, 2006, no pet.) (mem. op.). Further, the failure of the trial court to respond to a proper request for findings of fact and conclusions of law is presumed harmful, unless the record before the appellate court affirmatively demonstrates that the complaining party has suffered no injury. *See Nationwide Capital Funding*, 2006 WL 1030105, at *2. Because the trial judge continues to serve on the district court, the error in this case is remediable. *See* TEX. R. APP. 44.4(a).

Accordingly, we **grant** appellant's motion to abate, **abate** this appeal, and **remand** for the trial court to file the requested findings of fact and conclusions of law which were required, among other reasons, under Section 153.258. *See* TEX. FAM. CODE ANN. § 153.258 ("Without regard to Rules 296 through 299, Texas Rules of Civil Procedure, in all cases in which possession of a child by a parent is contested and the possession of the child varies from the standard possession order, on written request made or filed with the court not later than 10 days after the date of the hearing or on oral request made in open court during the hearing, the court shall state in the order the specific reasons for the variance from the standard order."); *Voros v. Turnage*, 849 S.W.2d 353, 354-55 (Tex. App.—Houston [1st Dist.] 1992, Order) (abating for trial judge to prepare supplemental findings of fact, pursuant to predecessor statute, TEX. FAM. CODE ANN. § 14.033(k), stating the specific reasons for deviating from the standard possession order).

On remand, we order the trial court to file findings of fact and conclusions of law **within 20 days of the date of this Order**. The district clerk is directed to file a supplemental clerk's record containing the trial court's findings of fact and conclusions of law with the Clerk of this Court **within 10 days of the date** the district court files its findings of fact and conclusions of law.

This appeal is abated, treated as a closed case, and removed from this Court's active docket. This appeal will be reinstated on this Court's active docket when the supplemental clerk's record that complies with this Order is filed in this Court. The Court will also consider an appropriate motion to reinstate the appeal filed by either party or may reinstate the appeal on its own motion. Appellant's brief shall be due within thirty days after the appeal is reinstated.

It is so **ORDERED**.

Judge's signature: /s/ Laura C. Higley
                 ☑ Acting individually     ☐ Acting for the Court

Date: November 7, 2017