**Charles D. CHAMBERLAIN, Appellant,**

**v.**

**Kae Sandifer CHAMBERLAIN, Appellee.**

**No. 01–88–00578–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

April 12, 1990.

T. Turner Pope, S. Simon Hendershot, Houston, for appellant.

Berta R. Raborn, Houston, for appellee.

Before SAM BASS, HUGHES and O'CONNOR, JJ.

**ORDER**

PER CURIAM.

This is an appeal from a divorce case.

In his fourth point of error, appellant, Mr. Chamberlain, complains that the trial court erred by refusing to file findings of fact and conclusions of law as requested by appellant in accordance with TEX.FAM.CODE ANN. § 14.057 (Vernon Supp.1990).

Appellant filed a request for findings of fact and conclusions of law on March 31, 1988, pursuant to TEX.R.CIV.P. 296. Appellant also filed a written request for findings pursuant to TEX.FAM.CODE ANN. § 14.057 (Vernon Supp.1990).[1] The docket of the court reflects that on April 15, 1988, the court granted the section 14.057 request, but denied the request for findings of fact and conclusions of law.

The language in section 14.057 is mandatory. *See Morris v. Morris,* 757 S.W.2d 466, 467 (Tex.App.—Houston [14th Dist.] 1988, writ denied). Therefore, we stay the proceedings in this Court and direct the trial court to prepare a supplemental transcript containing findings pursuant to TEX. FAM.CODE ANN. § 14.057. (Vernon Supp. 1990). The supplemental transcript is due to be filed with this Court 30 days from the date of this order.

It is so ORDERED.

---

**1.** TEX.FAM.CODE ANN. § 14.057 provides the following:

[O]n written request made or filed with the court not later than 10 days after the date of the hearing or an oral request made in open court during the hearing, the court shall state the following in the child support order:
(1) the amount of net resources available to the obligor per month is $_____;
(2) the amount of net resources available to the obligee per month is $_____;
(3) the amount of child support payments per month that is computed if Section 14.055, Family Code is applied is $_____; ·

(4) the percentage applied to the obligor's net resources for child support by the actual order rendered by the court is _____%; and, if applicable,
(5) the specific reasons that the amount of support per month ordered by the court varies from the amount computed by applying the percentage guidelines pursuant to Section 14.055, Family Code, are: _____.