Joseph Thomas **HANEY**, Appellant,

v.

Becky Ann **HANEY**, Appellee.

No. A14–91–00898–CV.

Court of Appeals of Texas, Houston (14th Dist.).

June 25, 1992.

Rehearing Denied July 30, 1992.

John W. Overton, Houston, for appellant.

Burta Rhoads Raborn, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and SEARS, and ELLIS, JJ.

## OPINION

SEARS, Justice.

This is an appeal from an order modifying child support. Becky Haney, Petitioner in the cause below, brought suit in the 257th District Court seeking to modify a divorce decree and increase child support for three children of the former marriage to Joseph Haney. Appellee made a written request for findings of fact to be made. The trial court made such findings of fact in its order as to the amount of net resources available to Obligor (Joseph) but failed to make findings of fact regarding the amount of net resources available to Obligee (Becky). Appellant's sole point of error is that the trial court erred in failing to consider the amount of net resources available to Obligee and stating such findings in the order as required. TEX.FAM. CODE ANN. § 14.057 (Vernon Supp.1992). We affirm.

[1] The Texas Family Code provides that the court shall provide in its order the net monthly resources of *both* obligor and obligee. TEX.FAM.CODE ANN. § 14.057 (Vernon Supp.1992). The information required by this statute is mandatory. *Chamberlain v. Chamberlain,* 788 S.W.2d 455 (Tex. App.—Houston [14th Dist.] 1990, writ denied). In *Chamberlain,* a written request for findings of fact and conclusions of law was made pursuant to TEX.R.CIV.P. 296, and a request for findings was also made pursuant to TEX.FAM.CODE ANN. § 14.057 (Vernon Supp.1990). *Id.* at 455. The court's docket reflected that the court granted the latter request, but denied Mr. Chamberlain's request for findings of fact and conclusions of law. The court of appeals stayed the appeal and ordered the trial court to supplement the transcript with such findings. *Id.*

■ In the instant case, the trial court made all appropriate findings on its docket sheet but failed to make the required findings in its order. Appellee filed a motion for leave to file a supplemental transcript and this Court granted same on April 9, 1992. The findings of fact made in the supplemental transcript are consistent with those made on the trial court's docket sheet. Therefore, all of the information required to be considered by the court in its modification was so considered. Appellant's contention that the trial court failed to consider obligee's resources is unsupported by the record. We find the trial court has substantially met the statutory requirements of section 14.057. Appellant's sole point of error is overruled.

Accordingly, the judgment of the trial court is affirmed.