Linda F. POWELL, Appellant,

v.

William Lee SWANSON, Appellee.

No. 01–94–00359–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Jan. 26, 1995.

Dianne Richards, Houston, for appellant.

Carver Daffin, Houston, for appellee.

Before OLIVER–PARROTT, C.J., and COHEN and HEDGES, JJ.

## OPINION

HEDGES, Justice.

Appellant Linda F. Powell contests a judgment in which the trial court granted a decree of paternity, awarded custody, and set child support. In six points of error, appellant challenges the amount and method of determination of child support by the trial court. Appellee did not file a brief. We reverse and remand.

On February 15, 1993, appellant filed an original petition to establish paternity of her child, to which appellee responded with a general denial. Appellee agreed to paternity after blood testing was completed. The only contested issue in this appeal is the proper amount of child support.

Appellant timely sought appellee's 1991 and 1992 tax returns in a request for production. Appellee produced only his 1991 return, although he testified that he had filed his 1992 income tax return. He failed to produce any financial statement. Appellant introduced deeds and photographs of real property owned by appellee.

Appellant properly and timely requested findings of facts under Tex.Fam.Code Ann.

§ 14.057 (Vernon 1992); TEX.R.CIV.P. 296, 297, 299. The trial court found that appellee's average gross income was $2300 per month and his net available resources were $1730 per month. Child support was set at $350 per month. The court stated in its findings of fact that the amount did not vary from the amount of support suggested in the guidelines set forth in TEX.FAM.CODE ANN. § 14.055 (Vernon 1994).

 A court's child support order will not be disturbed on appeal unless the complaining party shows that the order constituted a clear abuse of the court's discretion. *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex.1990). The test is whether the court acted arbitrarily or unreasonably, without reference to any guiding rules and principles. *Simon v. York Crane and Rigging Co.*, 739 S.W.2d 793, 795 (Tex.1987). In making this determination, the appellate court must view the evidence in the light most favorable to actions of the trial court and indulge every legal presumption in favor of the judgment. *Parks v. U.S. Home Corp.*, 652 S.W.2d 479, 485 (Tex.App.—Houston [1st Dist.] 1983, writ dism'd). Abuse of discretion does not exist as long as there is some evidence of a substantive and probative character to support the decision. *Stout v. Christian*, 593 S.W.2d 146, 151 (Tex.Civ.App.—Austin 1980, no writ).

In point of error one, appellant argues that the trial court erred in its determination of appellee's disposable income. Appellant complains that the trial court did not properly determine appellee's net resources, which statutorily underpin the child support award. We agree, for the reasons set forth more specifically in succeeding points of error.

We sustain point of error one.

 In point of error two, appellant complains that the trial court erred in accepting his adjusted gross income, taken from his 1991 federal income tax return, as his net resources. She argues that the self-employment tax and the cost of health insurance for himself should not have been deducted because those costs had already been calculated in the formula for the Self-Employed Persons 1994 Tax Chart. *Texas Attorney Gen-*

*eral's Self-Employed Persons 1994 Tax Chart,* following TEX.FAM.CODE ANN. § 14.053 (Vernon Supp.1995). We agree that the trial court permitted a double deduction for these items.

The trial court erred in its selection of adjusted gross income. From examining appellee's tax return and the conclusions the trial court drew from it, it is clear that the trial court selected the figure from line 31 ($55,162) of the 1991 return as appellee's adjusted gross income for the purposes of TEX.FAM.CODE ANN. § 14.053(b), (c) (Vernon Supp.1995). Line 31 describes adjusted net income for federal income tax purposes, not for section 14.053 purposes. That section contemplates an adjusted gross income figure generated before the deduction of self-employment tax and self-employed health insurance deduction. *Texas Attorney General's Self-Employed Persons 1994 Tax Chart* following TEX.FAM.CODE ANN. § 14.053 (Vernon Supp.1995).

 A basic fallacy indulged by the trial court seems to have been that federal income tax regulations and Family Code provisions mirror each other in method of calculating income. Such is not the case. The income tax regulations are distinct from the rules in the Family Code, and calculations prepared under one set of rules do not necessarily comply with the requirements of the other. A trial court must carefully examine a federal income tax return in order to extract the appropriate information without slavishly adopting its complete calculations.

We sustain point of error two.

 In point of error three, appellant contends that the trial court erred in dividing appellee's adjusted gross income on the assumption that one-half of the income was at the unique disposal of his wife. Appellee testified that the 1991 tax return, the source of the gross-income figure, was filed jointly with his wife. He also testified that he and his wife jointly own the business which is the primary source of his income.

 We agree with appellant that the trial court abused its discretion when it arbitrarily divided the adjusted gross-income fig-

ure in half. Just because spouses file joint income tax returns does not mean that the income reflected in the return is equally disposable to each. Similarly, appellee's testimony that he and his wife own the business does not establish parity of ownership interest.

We sustain point of error three.

In point of error four, appellant contends that the deduction of business depreciation from appellant's adjusted gross income was erroneous. The record reflects that in determining appellant's adjusted gross income, the trial court selected a figure which included a $9,433 deduction for depreciation of rental property for federal income tax purposes. The Family Code provides that the trial court may decline deduction of depreciation if the evidence shows that the deduction is "inappropriate to the determination of income for the purpose of calculating child support." TEX.FAM.CODE ANN. § 14.053(c) (Vernon Supp.1995). "Net rental income" is defined in TEX.FAM.CODE ANN. § 14.053(b) (Vernon Supp.1995) as "rent after deducting operating expenses and mortgage payments, but not including noncash items such as depreciation." We interpret these two sections to mean that depreciation is not to be included in the calculation of net rental income for the purpose of determining child support. Appellee's adjusted gross income should have been increased by the amount of the depreciation deducted from appellee's gross income on his federal income tax return.

Appellant also complains in point of error four that the trial court erred in deducting $2150 from his adjusted gross income. This figure represents the personal deduction taken by appellee on his tax return for his son Danny. Appellee testified that Danny is over 18 years of age. We are unable to reconstruct the trial court's calculations sufficiently to determine whether this amount was deducted from the gross income figure. If indeed that is what the trial court did, it was in error.

The expense of further education of a child over 18 years of age is a proper factor in a court's determination of child support outside the guidelines recommended in TEX.FAM.CODE ANN. § 14.055. TEX.FAM. CODE ANN. § 14.054 (Vernon Supp.1995). Nevertheless, in such a case, the trial court must file findings of fact and conclusions of law which address any such deviation. TEX. FAM.CODE ANN. § 14.057 (Vernon Supp.1995). This record does not support the purported deduction.

We sustain point of error four.

In point of error five, appellant complains that the trial court erred by refusing to file findings of fact and conclusions of law as requested by appellant in accordance with TEX.FAM.CODE ANN. § 14.057 (Vernon Supp. 1995). Appellant argues that when the trial court deviates from the guidelines in ascertaining appellee's net resources, it must justify the deviation in findings of fact and conclusions of law. Chamberlain v. Chamberlain, 788 S.W.2d 455, 455 (Tex.App.—Houston [1st Dist.] 1990, writ denied). The language in section 14.057 is mandatory. See Morris v. Morris, 757 S.W.2d 466, 467 (Tex. App.—Houston [14th Dist.] 1988, writ denied).

The trial court did file findings of fact and conclusions of law in which it contended that it did not deviate from TEX.FAM.CODE ANN. § 14.055 (Vernon Supp.1995) in computing child support payments. Our review of the record persuades us that while the trial court may have followed the guidelines once it determined appellee's net resources, its calculation of net resources was improper. We have already addressed the trial court's determination of net resources. Based on the calculation, albeit faulty, its finding of fact regarding variation from the guidelines of section 14.055 is technically correct.

We overrule point of error five.

In point of error six, appellant complains that the trial court erred in failing to require appellee to produce his 1992 federal income tax return.[1] Appellant timely and properly requested appellee's tax returns for

---

1. The supplemental transcript contains a copy of appellee's 1992 federal income tax return.

This return was not admitted at trial and is not properly before this Court.

1991 and 1992. Before trial, appellee produced only his 1991 return.

The Family Code clearly sets forth the trial court's obligation:

> The court shall require the parties to furnish sufficient information to enable it to accurately identify the parties' net resources and their abilities to provide child support.

TEX.FAM.CODE ANN. § 14.053(g) (Vernon Supp.1995). The section then suggests that "the court should request copies of the last two years' tax returns, accompanied by financial statements of the parties, and current wage stubs."

In this case, production of tax returns is of particular importance. Appellee is self-employed; he owns a day care center and various rental properties. Without the tax returns, both appellant and the court are unable to properly evaluate appellee's net resources. The trial court erred in failing to compel production of appellee's 1992 income tax return.

We sustain point of error six.

We reverse that portion of the judgment of the trial court awarding child support and remand this case to that court for further proceedings in accordance with this opinion.