NO. 07-98-0105-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

DECEMBER 17, 2002

_____


IN THE INTEREST OF JILL NICOLE GUINN
AND BRANDON JEREMY GUINN

_____

FROM THE 355TH DISTRICT COURT OF HOOD COUNTY;

NO. 92-609-D; HONORABLE TOM CRUM, JUDGE

_____

Before QUINN and REAVIS, JJ., and BOYD, SJ.[1]


In four issues, appellant Chuck Guinn challenges an order modifying the child support to be paid by him. In those issues, he argues that the trial court erred in: 1) increasing child support because there is no evidence, or in the alternative, insufficient evidence that the circumstances of the children or a person affected by the order have materially and substantially changed since the date of the order's rendition; 2) failing to

_____

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2002).

make child support fact findings as requested by appellant; 3) abusing its discretion in calculating net resources for the purpose of setting child support; and 4) considering the income tax deductions appellant received by virtue of his present wife and dependents when calculating net resources for the purpose of setting child support. For reasons we state hereafter, the judgment of the trial court is reversed.

Appellee Donna Rene Seay and appellant were married on or about April 25, 1980, and were divorced on May 11, 1983. To that marriage, two children, who are the subject of this suit, were born. They are Jill Nicole Guinn, a female, born on October 10, 1980, and Brandon Jeremy Guinn, a male, born on December 28, 1981. In the divorce judgment, appellant's child support was set at an amount of $300 per month. Appellant did not pay child support for the months of April and May 1997. Subsequently, appellee filed a motion seeking enforcement of the child support obligation, and concomitantly, a motion seeking a modification of and increase in the amount of child support. On November 3, 1997, after hearing, the trial court entered the order giving rise to this appeal. As material here, the child support payment was increased to $377.32.

Because of the questions involved in this appeal, a brief recitation of the evidence produced at the modification hearing is necessary. In June 1996, appellant began working at the Duncan Ranch located in Hamilton County. The record shows that he was paid $800 per month, with his gross income for seven months in 1996 being $14,563. In connection with his ranching duties, appellant has access to, and uses, a ranch house

2

which also doubles as an office. Appellant is also provided the use of a truck owned by his employer for use in connection with his ranch duties. There is no testimony about any pecuniary value of the use of the truck and the house.

Appellant has two other children by a second wife in addition to the two children that are the subject of this proceeding, and appellee has a daughter by her second husband. Through her employer, appellee purchased medical insurance which costs her $55 per month.

The trial court found appellant's net income to be $1,828.50 per month. After deducting $640 for federal income tax, $902.30 for social security, and $211.02 for Medicare, appellant's net income for seven months was $12,800. The trial court divided that number by seven to arrive at a net income of $1,828.50 per month. The trial judge then multiplied that figure by 20.63% and arrived at a figure of $377.32,[2] which is the amount to which he increased the monthly child support. In arriving at the increased child support figure, the judge did not use the 1997 statutory employed persons tax chart in arriving at appellant's net monthly income because, the court felt, that statutory tax chart did not take into account the additional tax deduction which benefitted appellant by virtue of his other two dependent children born to his other marriage.

---

[2]Actually, 20.63% of $1,828.50 is $377.22, but the difference is not material to our discussion.

3

Reiterated, in his first issue, appellant argues that the evidence is insufficient to show a material change of circumstance in regard to the children since the date of the original support order. Family Code section 156.401, both now and at the time of the modification order, provides two grounds for modification of previously ordered child support. Tex. Fam Code Ann. § 156.401 (Vernon 2002). The first ground is if the circumstances of the children or a party affected by the order have materially and substantially changed since the date of the order's rendition. *Id.* The second ground is if it has been three years since the order was rendered or last modified and the monthly amount of the child support award under the prior order differs by either 20% or $100 from the amount that would be awarded in accordance with the child support guidelines at the time of the modification. *Id.*

We have no record of the testimony received at the divorce hearing. However, we do have a record of the testimony produced at the modification hearing. There is no testimony as to the amount of money appellee made at the time of the hearing, and there is no testimony as to the amount she was making at the time of the divorce. Likewise, there is no testimony as to the amount of the children's expenses either at the time of the divorce or the modification hearing. Indeed, the only testimony concerning a change of circumstance is that of appellant, in which he avers he made more money at the time of the divorce than at the time of the modification hearing.

4

Appellee does not join issue on the question of the evidence of a material change of circumstance. Rather, she argues, the modification was justified under the second prong of the statute which allows a change if it has been three years since the original order was entered, and the monthly amount of child support set in that prior order differs by either 20% or $100 from the amount that would be awarded in accordance with child support guidelines. For reasons that will become apparent, we will consider that argument after our discussion of appellant's third and fourth issues.

In his third issue, as we have noted, appellant argues the trial court abused its discretion in calculating his net resources for the purpose of determining child support. In his fourth issue, appellant contends the trial court erred in considering the additional income tax deductions he receives because of his second wife and her dependents rather than using the employed persons tax chart contained in section 154.061 of the Family Code. *See* Tex. Fam. Code Ann. § 154.061 (Vernon 2002).

As did appellant, we will discuss both points together because they are so closely related. The statutory tax chart provides a method of calculating net monthly income of a child support obligor by subtracting from monthly gross wages the social security taxes and federal income tax withholding for a single individual claiming one personal exemption and the standard deduction. *Id.* ( "Instructions for Use").

Appellant reasons that the proper calculation for his child support should have been $336.68. He arrives at that figure because, using the earning figures we have mentioned

5

above and applying his monthly net income shown on the 1997 tax chart, his total monthly net income would be $1,632, rather than the $1828.50 used by the trial court. Multiplying $1,632 by the 20.63% factor used by the trial court would equal $336.68, the figure appellant argues should have been the amount set for his child support.

The Family Code specifically states that "[t]he court shall deduct . . . federal income tax based on the tax rate for a single person claiming one personal exemption and the standard deduction . . . ." *See* Tex. Fam. Code Ann. § 154.062(d)(2) (Vernon 2002). Federal income tax regulations and the Family Code do not mirror each other in methods of calculating income. *Powell v. Swanson,* 893 S.W.2d 161, 163 (Tex.App.–Houston [1st Dist.] 1995, no writ). Because many child support obligors do not file their federal income tax returns as single persons, the statutory tax chart is intended to be used by courts in calculating net income for the purpose of determining child support payments. *Wright v. Wright,* 867 S.W.2d 807, 814 (Tex.App.–El Paso 1993, writ denied). By failing to follow the statutory direction, the trial court reversibly erred in the amount of child support set by it. The monthly child support should have been set at $336.68 per month. Therefore, we must sustain appellant's third and fourth issues.

Because the amount of child support that should have set by the trial court does not differ by either 20% or $100 from that previously set, our sustention of appellant's third and fourth issues obviates the necessity to discuss appellee's argument that the amount

6

set by the trial court complies with section 156.401(a)(2) of the Family Code. It also obviates the necessity for discussion of appellee's second issue.

Accordingly, the order of the trial court is reversed and the cause remanded to the trial court for further proceedings in accordance with this opinion.

Per Curiam

Do not publish.