Opinion issued October 16, 2003







            












In The
Court of Appeals
For The
First District of Texas
 

 
 
NO. 01-03-00007-CV
____________
 
 
IN THE INTEREST OF M. N. M., A MINOR CHILD
 
 

 
 
On Appeal from the 245th District Court
Harris County, Texas
Trial Court Cause No. 2001-57307
 

 
 
MEMORANDUM OPINION
          In this appeal from a suit affecting a parent-child relationship, appellant,
Larndell Matthews, the biological father of M. N. M., challenges the portion of the
trial court’s final order requiring Matthews to pay child support in a lump sum
totaling $54,600 into a trust account and designating appellee, Tamika A. Sanford,
the child’s mother, as trustee of the account.
          In his sole point of error, appellant contends that the trial court abused its
discretion in ordering him to make a lump sum payment because appellant “had never
evaded his child support obligation, deprived himself of income or placed assets
outside the reach of the courts.” We affirm.
Facts and Procedural Background
          In November 2001, Sanford filed a petition to establish the parent-child
relationship between her daughter, M. N. M., and Matthews. In response, Matthews
filed a counter-petition acknowledging his paternity and seeking to be named joint
managing conservator of the child.
          Following a hearing, the trial court designated the parties as joint managing
conservators of the child, awarded Sanford the right to establish the primary residence
of the child, established periods of possession in accordance with a standard
possession order,


 and ordered Matthews to pay child support in the amount of $390
per month. As part of its child support award, the trial court made the following
written findings in its order:
The Court finds that a Wage Withholding Order would not be in the best
interest of the child. The Court further finds that a lump sum payment
of child support in a trust account for the support in lieu of monthly
payments for the support of [the child] by [Matthews] would be in the
best interest of the child.

The trial court also ordered Matthews to make “a one time deposit” of $54,600 (the
equivalent of 140 months of child support payments) into the trust account and
ordered that Sanford be designated as trustee of the account.
          Matthews subsequently filed a motion for new trial challenging the portion of
the trial court’s order requiring that he establish the lump sum child support trust
account. The trial court denied the motion.
Standard of Review
          A trial court’s order on child support will not be disturbed on appeal unless the
complaining party can show a clear abuse of discretion. Worford v. Stamper, 801
S.W.2d 108, 109 (Tex. 1990) (per curiam); Powell v. Swanson, 893 S.W.2d 161, 163
(Tex. App.—Houston [1st Dist.] 1995, no writ). The test for abuse of discretion is
whether the trial court acted without reference to any guiding rules or principles; in
other words, whether the act was arbitrary or unreasonable. Worford, 801 S.W.2d at
109. In making our determination, we must view the evidence in the light most
favorable to the actions of the trial court and indulge every legal presumption in favor
of the judgment. Powell, 893 S.W.2d at 163. A trial court does not abuse its
discretion as long as there is some evidence of substantive and probative character to
support its decision. Id.
Trust Account
          The Family Code permits a trial court to order a parent to pay child support by
periodic payments, a lump sum payment, the purchase of an annuity, the setting aside
of property to be administered for the support of the child, or any combination of such
methods. Tex. Fam. Code Ann. § 154.003 (Vernon 2002). The amount of periodic
child support payments established by the statutory guidelines is presumed to be
reasonable, and an order of support conforming to such guidelines is presumed to be
in the best interest of the child. Id. § 154.122 (Vernon 2002). A court has discretion
to determine that the application of the guidelines would be unjust or inappropriate
under the circumstances. Id. In making its order of child support, a trial court must
make findings of fact, as mandated by statute, if such findings are requested by a
party or if “the amount of child support ordered by the court varies from the amount
computed by applying the percentage guidelines.” Id. § 154.130(a) (Vernon 2002).
          As part of his point of error, Matthews complains that the trial court made no
findings of fact supporting its award of child support. Texas courts have held that
such findings are required when an award of child support varies from the statutory
guidelines, and it is reversible error for a trial court to fail to make findings of fact
when requested to do so. Tenery v. Tenery, 932 S.W.2d 329, 330 (Tex. 1996). Here,
the record indicates that Matthews did not request findings of fact from the trial court. 
However, under the statute, findings of fact are required when the trial court’s order
of child support “varies from the amount computed by applying the percentage
guidelines.” Tex. Fam. Code Ann. § 154.130(a). Accordingly, we must examine the
amount of the trial court’s child support award to determine if it varied from the
statutory guidelines.
          At the hearing to determine the appropriate amount of child support, the trial
court made oral findings that Matthews was responsible for supporting two other
children and was “capable of earning gross income of [$]3,000 a month or more.” 
Matthews does not challenge these findings. After reviewing the calculations made
by the trial court, we conclude that it applied the appropriate statutory guidelines in
setting the amount of child support at $390 per month. See id. §§ 154.061, 154.129
(Vernon 2002) (establishing guideline that person with “monthly gross wages” of
$3,000 has “net monthly income” of approximately $2,438.25, and setting figure of
16 percent of net income as appropriate amount of child support where one child is
before court and person is obligor for two other children: $390.12 is 16 percent of
$2,438.25). Thus, based on the record before us, we conclude that it was not
necessary for the trial court to make findings of fact justifying its award of child
support.
          Matthews does not challenge the monthly amount of support ordered, but
argues that the trial court abused its discretion in ordering him to pay 140 months of
child support into a trust account in a single lump sum. We must examine the record
presented in the light most favorable to the trial court’s ruling to determine whether
there was some probative and substantive evidence to support the trial court’s
decision. Powell, 893 S.W.2d at 163.
          At the hearing, Sanford testified that the child was living with her and that, at
the time she filed the petition to establish paternity, Matthews had not provided any
support for the child for “over a year.” Matthews testified that he had provided
support for the child in the past but did not have documentation to verify it. 
Matthews testified that he had an annual income of approximately $19,000 and paid
one-half of a $2,500 monthly mortgage payment on a Kemah townhouse with his
sister. Matthews admitted that title to several “other properties” had been transferred
to his name “in the last few years.” Matthews also admitted that he had “savings and
bank accounts and annuities” totaling “approximately $100,000” and that he owned
a second house, located in Missouri City and valued at approximately $150,000, “that
was paid for.” Matthews also testified that he worked in “public relations and
marketing” for his sister’s bail bonding company and received income in varying
amounts from the company, but he disputed documents presented by Sanford
indicating that Matthews owned one-half of that company. At the conclusion of the
hearing, the trial court made the following oral findings:
The Court’s finding that there’s to be some concern and lack of evidence
as to what the income and employment of Mr. Matthews is. The Court’s
going to make an exception on the ruling. The Court finds that Mr.
Matthews has in his possession or in accounts that he can get access to
of [sic] approximately a hundred thousand [dollars] or more.

          Here, the testimony presented to the trial court indicated that Matthews had
some history of not supporting the child, although he did not dispute his paternity. 
Moreover, although Matthews’s testimony was vague as to the source and amount of
his income, he unequivocally expressed that, at the time of the hearing, he had
ownership of, and access to, funds and property with a value in excess of $100,000. 
Based on this testimony, the trial court could have reasonably concluded that, despite
his ability to support the child, Matthews would revert to his previous pattern of
failing to consistently do so.
          Based on the record before us, we hold that the trial court did not abuse its
discretion in ordering Matthews to pay a single lump sum amount of child support
into a trust account.
          We overrule Matthews’s sole point of error.
 

Conclusion
          We affirm the order of the trial court.
 
 
                                                                        Terry Jennings
                                                                        Justice

Panel consists of Justices Taft, Jennings, and Hanks.