NO.
12-06-00218-CV

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

ROBIN
MICHELLE ODOM,          §                      APPEAL FROM THE 411TH

APPELLANT

 

V.        §                      JUDICIAL
DISTRICT COURT OF

 

DAVID ALLEN ODOM,

APPELLEE   §                      TRINITY COUNTY, TEXAS

                                                                                                                                                           


MEMORANDUM
OPINION

            Robin
Michelle Odom, appearing pro se, appeals the trial court’s final decree of
divorce.  Robin married David Allen Odom
on May 5, 1995.  On February 3, 2006,
David filed for divorce.  Following a
bench trial, the trial court entered a divorce decree dividing their community
property.  In three issues, Robin challenges
the trial court’s characterization of David’s retirement plan accounts as
separate property and its division of the community property.  We reverse and remand.

 

Characterization of Separate Property

            In her first and second issues,
Robin challenges the legal and factual sufficiency of the evidence to support
the trial court’s finding that David’s retirement plan accounts were his
separate property.  A review of the
record shows that the trial court’s divorce decree characterizes David’s
retirement accounts as community property, not separate property.  The error Robin complains of did not
occur.  Therefore, we overrule Robin’s
first and second issues.

 

Division of Community Property








            In her third issue, Robin claims
that the trial court’s division of the community property constituted an abuse
of discretion because the trial court did not award her a portion of David’s
retirement plan accounts.

Standard
of Review

            We review a trial court’s division
of community property under an abuse of discretion standard. Murff v.
Murff, 615 S.W.2d 696, 698 (Tex. 1981). 
It is an abuse of discretion for a trial court to rule arbitrarily,
unreasonably, without regard to guiding legal principles, or without supporting
evidence.  Bocquet v. Herring,
972 S.W.2d 19, 21 (Tex. 1998).  A trial
court does not abuse its discretion if there is some evidence of a substantive
and probative character to support the decision, or if reasonable minds could
differ as to the result.  Powell v.
Swanson, 893 S.W.2d 161, 163 (Tex. App.–Houston [1st Dist.] 1995, no
writ).  Absent a clear abuse of
discretion, we do not disturb a trial court’s division of community
property.  Murff, 615
S.W.2d at 698.

Discussion

            In a divorce proceeding, the trial
court “shall order a division of the estate of the parties in a manner that the
court deems just and right, having due regard for the rights of each party and
any children of the marriage.” Tex. Fam.
Code Ann. § 7.001 (Vernon 2006). 
Thus, trial courts have wide latitude and discretion in dividing
community property. Schlueter v. Schlueter, 975 S.W.2d 584, 589
(Tex. 1998).  When dividing community
property, the trial court may consider many factors, including each party’s
earning capacity, abilities, education, business opportunities, physical
condition, financial condition, age, and size of separate estates, as well as
any future needs for support, expected inheritance, custody of any children,
reimbursements, gifts to a spouse during marriage, excessive community property
gifts to others, and wasting of community assets. Murff, 615
S.W.2d at 699.

            By the time of the bench trial, the
Odoms had been living apart for over a year. 
When they separated, Robin moved out of the family home, taking with her
“everything she wanted.”  This included
her personal items, a small boat, and all of the family’s furniture and
furnishings, with the exception of one bed, a table and two chairs, and their
children’s furniture.  The Odoms’ two
boys, ages seven and nine at the time, continued to live with David.  At some point after their separation, Robin
was incarcerated for embezzlement.  At
the time of their divorce, Robin was still incarcerated.         The
record shows that David was keeping some of Robin’s possessions in storage for her.  The trial court awarded David all funds in
his possession or subject to his sole control as well as all personal items,
furniture, and furnishings in his possession, with the exception of those he
was storing for Robin.  David was also
awarded all life insurance policies insuring his life; his two retirement plan
accounts, valued at approximately $67,000.00; his Ford F150 pickup truck,
valued at between $5,500.00 and $6,000.00; and two small boats, valued at
approximately $400.00 and $1,000.00 respectively.  Robin was awarded all items in her possession
or sole control as well as the personal items David was keeping in storage for
her. 

            Robin claims that the trial court’s
division of the community property constituted an abuse of discretion because
the court did not award her a portion of David’s retirement plan accounts.  The record does not contain an inventory of
the community estate nor any evidence of the value of the estate other than the
value of David’s retirement accounts, pickup truck, and two boats.  The trial court lacked the evidence necessary
to determine the amounts and items in the community estate as well as the
overall value of the estate.  Without
this evidence, there is no evidence to support the judgment.  See Sandone v. Miller-Sandone, 116
S.W.3d 204, 207-08 (Tex. App.–El Paso 2003, no pet.) (“Without the ability to
determine the size of the community pie, we can make no determination that the
slices awarded to each spouse were just and right.”).  Consequently, the trial court abused its
discretion in the division of the property.  See id.  Therefore, we sustain Robin’s third issue.

            Some of our sister courts have held
that when a party does not provide values for property to be divided, that
party may not complain on appeal that the trial court lacked sufficient
evidence to properly divide the property.  See, e.g., Deltuva v. Deltuva,
113 S.W.3d 882, 887 (Tex. App.–Dallas 2003, no pet.).  While such a 
ruling may be appropriate in cases where there is some evidence of the
value of the contested item or estate, see Mata v. Mata, 710
S.W.2d 756, 758 (Tex. App.–Corpus Christi 1986, no writ), or in cases where the
only unvalued items would obviously have little effect on the overall division,
it would not be appropriate in this case. 
See Sandone, 116 S.W.3d at 207-08; O’Neal v. O’Neal,
69 S.W.3d 347, 349-50 (Tex. App.–Eastland 2002, no pet.).  The Texas Family Code requires the trial
court to make a just and right division of the community estate.  See Tex.
Fam. Code Ann. § 7.001.  The failure
of the parties to put on evidence as to value does not absolve the trial court
of fulfilling this duty.  See Sandone,
116 S.W.3d at 207-08.  No “just and right”
division can be insured where the trial court has no evidence of what exactly
it is dividing. See id. 
We sustain Robin’s third issue.

 

Disposition

            We reverse the
judgment of the trial court and remand the case to that court for
further proceedings.

 

                                                                                                    BRIAN HOYLE   

                                                                                                               Justice

 

 

Opinion delivered March 7, 2007.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(PUBLISH)