

# IN THE
# TENTH COURT OF APPEALS

### No. 10-10-00139-CV

## IN THE INTEREST OF S.R.S., A CHILD

**From the 66th District Court
Hill County, Texas
Trial Court No. 34815**

## MEMORANDUM  OPINION

Timothy Brooks Sampson appeals from the granting of a modification that increased his child support obligation.  TEX. FAM. CODE ANN. § 156.401 (West 2008). Sampson complains that the trial court erred in calculating his net disposable resources by not deducting ordinary and necessary business expenses required to produce the income and by failing to deduct operating expenses and mortgage payments in determining his net rental income.  Because we find that the trial court abused its discretion, we reverse and remand the judgment to the trial court.

Because the trial court's award of child support requires consideration of both of Sampson's issues jointly to some degree, we will address them together where necessary.

*Standard of Review*

We review a trial court's determination of child support under an abuse of discretion standard. *In the Interest of A.A.G.*, 303 S.W.3d 739, 740 (Tex. App.—Waco 2009, no pet.); *see also Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990). A trial court abuses its discretion when it acts in an arbitrary and unreasonable manner, or when it acts without reference to any guiding principles. *See Beaumont Bank, N.A. v. Buller*, 806 S.W.2d 223, 226 (Tex. 1991); *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985). If there is some evidence of a substantive and probative character to support the decision of the trial court, no abuse of discretion occurs. *A.A.G.*, 303 S.W.3d at 740.

*The Facts*

Sampson and Harris are the parents of S.R.S., a sixteen year old female child. At the time of their divorce in 1998, Sampson was ordered to pay child support in the amount of $456.00 per month. Harris filed this modification action seeking to increase Sampson's child support obligation.

Sampson is self-employed as an investment advisor and real estate broker. He also receives income from rental properties purchased since the divorce. The evidence presented to the trial court was that his income (money received) from his various enterprises was $168,853.69 in 2008 and $191,024 for eleven months in 2009. Sampson's 2008 1040 income tax return was admitted into evidence and a 2009 year-to-date income and expense worksheet was admitted for a limited purpose as an aid to the trial court. Harris contended that the financial needs of the child were $2,278 per month, which

was not disputed by Sampson.  Harris sought an increase in child support to $1,500 per month.

At the conclusion of the hearing, the trial court established child support in the amount of $1,200 per month, made the new amount retroactive to the date of service of the modification action, and awarded Harris attorney's fees.  The trial court filed findings of fact and conclusions of law that the child support awarded was calculated in accordance with the child support guidelines set forth in the Family Code; that Sampson's net resources were more than $6,000 per month, that $1,200 is the amount of child support awarded, and that the amount of child support awarded was based on 20 percent of Sampson's net resources.

### Family Code Section 154.062(b)

Section 154.062(b) of the Family Code, which defines what constitutes an obligor's net resources, states:

(b) Resources include:

(1) 100 percent of all wage and salary income and other compensation for personal services (including commissions, overtime pay, tips, and bonuses);

…

(3) self-employment income;

(4) net rental income (defined as rent after deducting operating expenses and mortgage payments, but not including noncash items such as depreciation); ….

TEX. FAM. CODE ANN. § 154.062(b) (West 2008).

*Family Code Section 154.065*

Section 154.065 of the Family Code, entitled "Self-Employment Income," states:

(a) Income from self-employment, whether positive or negative, includes benefits allocated to an individual from a business or undertaking in the form of a proprietorship, partnership, joint venture, close corporation, agency, or independent contractor, less ordinary and necessary expenses required to produce that income.

(b) In its discretion, the court may exclude from self-employment income amounts allowable under federal income tax law as depreciation, tax credits, or any other business expenses shown by the evidence to be inappropriate in making the determination of income available for the purpose of calculating child support.

TEX. FAM. CODE ANN. § 154.065 (West 2008).

*Analysis*

Sampson complains that the trial court did not include any deductions for ordinary and necessary expenses in its calculation of child support as is required for the trial court's determination of child support according to the guidelines. Further, Sampson complains that the trial court erred by not deducting operating expenses and mortgage payments from his net resources. Harris contends that the trial court was not required to follow the guidelines in a modification action and therefore, whether or not the trial court followed the guidelines does not matter. However, the trial court's findings of fact clearly indicate that the trial court was basing its decision pursuant to the child support guidelines; therefore, we will use those same principles to determine whether or not the trial court abused its discretion in its calculation.

The trial court did not allow Sampson to testify at length regarding the substance of his 2008 income tax return nor did Sampson offer detailed explanations regarding the

expenses he alleged in his income and expense worksheet. While the determination of income for purposes of paying taxes to the federal government differs from that used to calculate net resources to determine child support, the tax return does contain some evidence as to what Sampson's ordinary and necessary expenses to produce that income were. *See Powell v. Swanson*, 893 S.W.2d 161, 163 (Tex. App.—Houston [1st Dist.] 1995, no writ) ("Federal income tax regulations are distinct from the rules in the Family Code, and calculations prepared under one set of rules do not necessarily comply with the requirements of the other."). "A trial court must carefully examine a federal income tax return in order to extract the appropriate information without slavishly adopting its complete calculations." *Id*. Additionally, copies of Sampson's business bank account statements were offered into evidence by Harris. The statements also constituted some evidence as to those expenses.

During the hearing before the trial court, there was no evidence presented that Sampson's business expenses as listed on his 2008 income tax return were unreasonable or unnecessary. It would be an abuse of discretion to not take at least some portion of those expenses into account when calculating Sampson's net disposable earnings.

Further, section 154.062(b)(4) is clear that Sampson was entitled to a deduction for his mortgage payments on his rental property as well as any operating expenses. It is an abuse of discretion not to deduct the expenses and mortgage payments when calculating an obligor's net resources.

Based on the evidence before the trial court at the time it made its ruling regarding the modification, we are unable to reconstruct the trial court's calculations

and can find nothing on which to base the trial court's determination of Sampson's net resources. Also, the trial court did not include any guidance in its findings of fact and conclusions of law. We conclude that the trial court abused its discretion in the calculation of Sampson's net resources under sections 154.062 and 154.065.[1] We sustain issues one and two.

*Conclusion*

Because we find that the trial court abused its discretion by not including Sampson's business expenses and mortgage payments in determining his net resources, we reverse the judgment and remand this proceeding to the trial court.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
    Justice Davis, and
    Justice Scoggins
Reversed and remanded
Opinion delivered and filed January 26, 2011
[CV06]

---

[1] This opinion should not be construed to mean that the trial court is required to accept as reasonable and necessary all of Sampson's business and rental expenses on remand. *See* TEX. FAM. CODE ANN. § 154.065(b) (West 2008).