In the Interest of J— K— B—, A Child.

No. 09–86–135 CV.

Court of Appeals of Texas, Beaumont.

May 5, 1988.

Bill A. Martin, Newton, Paul N. Buchanan, Beaumont, for appellant.

Michael S. Ratcliff, Jasper, for appellee.

## OPINION

DIES, Chief Justice.

Appellee filed a motion to modify custody of his daughter. Appellant is the child's mother, and she had been awarded managing conservatorship when she and Appellee were divorced. A jury answered issues favorably to Appellee which resulted in an order naming him as managing conservator, from which the mother brings this appeal.

Appellant admits the evidence was sufficient for the jury to make the findings it did and concedes that the trial was error free. She has, however, one point of error, viz:

"The trial court erred by having a trial of the issues of this cause without first making findings required by Section 14.-08(e) of the Texas Family Code."

The divorce between Appellant and Appellee was entered on May 21, 1985, and Appellee's motion to modify was filed on November 5, 1985. These facts bring into operation *TEX.FAM.CODE ANN. sec. 14.-08(e)* (Vernon 1986), as follows:

"On the filing of a motion to which the provisions of Subsection (d) of this section apply, the court shall deny the motion and refuse to schedule a hearing unless the court determines, on the basis of the affidavit, that adequate facts to support an allegation listed in Subdivision (1) or (2) of Subsection (d) of this section are stated in the affidavit. If the court determines that the facts stated are adequate to support an allegation, a time and place for the hearing shall be set."

The affidavit to which the statute refers was filed, and we find that it was sufficient for the court to grant a hearing. Appellant contends:

"No where did the Court determine that the facts stated were adequate to support an allegation, and therefore set a time and place for the hearing."

The fact that the court set and heard the motion is proof that he regarded the affidavit as adequate. The law does not require that he make a specific finding in the record. This point is overruled.

The judgment of the trial court is affirmed.