In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-04-00089-CR
______________________________


DANIEL RAY SILER, Appellant
Â 
V.
Â 
THE STATE OF TEXAS, Appellee


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

On Appeal from the 202nd Judicial District Court
Bowie County, Texas
Trial Court No. 03F0677-202


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Chief Justice Morriss


MEMORANDUM OPINION

Â Â Â Â Â Â Â Â Â Â Â Â Daniel Ray Siler appeals from his conviction on his open plea of no contest to a charge of
engaging in organized criminal activity. In a companion case, he also appeals from his conviction
for money launderingâalso based on an open plea of no contest. Shortly before his conviction in
these two cases, Siler pled guilty in the United States District Court for conspiracy to possess with
intent to distribute marihuana, and the federal judge sentenced him to seventy-one months'
imprisonment. The state trial court sentenced him to seven years for the organized crime charge and 
five years for money laundering. The state court ordered those two sentences to run concurrently,
but consecutive to the federal sentence.
Â Â Â Â Â Â Â Â Â Â Â Â Siler's attorney has filed an appellate brief in which she concludes, after a review of the
record and the related law, the appeal is frivolous and without merit. She summarized pretrial and
trial activities in her brief. The brief contains a professional evaluation of the record and contains
five points of error that arguably support reversal. This meets the requirements of Anders v.
California, 386 U.S. 738 (1967).



Â Â Â Â Â Â Â Â Â Â Â Â Counsel provided a copy of her brief to Siler December 30, 2004, and Siler was also provided
with a copy of the record. On April 4, 2005, Siler filed a pro se response to his counsel's Anders
brief. The State has not filed a response.
Â Â Â Â Â Â Â Â Â Â Â Â Counsel raises five arguable issues.
Â Â Â Â Â Â Â Â Â Â Â Â Counsel first argues that the sentence cumulation is invalid because the oral pronouncement



of sentence contains noneâand the trial court's judgment includes only someâof the elements that
the Texas Court of Criminal Appeals has recommended be present in an order cumulating sentences. 
See Young v. State, 579 S.W.2d 10 (Tex. Crim. App. 1979). But, though that court has listed five
elements that should go into a cumulation orderâ(1) the trial court case number of the prior
Â conviction, Â (2) Â the correct Â name Â of Â the Â trial Â court Â in Â which Â the Â prior Â conviction Â was
rendered, (3) the date of the prior conviction, (4) the length of the prior sentence, and (5) the nature
of the prior convictionâit has characterized them as only recommendations, not requirements. 
Williams, 675 S.W.2d at 763â64; Faison v. State, 59 S.W.3d 230, 238 (Tex. App.âTyler 2001, pet.
ref'd). A cumulation order is valid if it describes the prior convictions sufficiently "to give notice
both to the defendant and to the Department of Corrections exactly which sentences the instant
sentence is cumulated with." Williams, 675 S.W.2d at 764. In this case, the cause number of the
prior conviction and the trial court from which it came are specified in the order. In Williams, the
court found a cumulation order which sets out the cause number and the correct name of the trial
court rendering the prior conviction is sufficient. Error has not been shown.
Â Â Â Â Â Â Â Â Â Â Â Â Counsel also argues that the plea of no contest was involuntary because Siler was not warned 
there was a possibility that the sentences might be stacked on his federal sentence. If a plea
agreement had been in place involving this situation, then Siler might be entitled to relief. See
McFadden v. State, 544 S.W.2d 159 (Tex. Crim. App. 1976); Thi Van Le v. Perkins, 700 S.W.2d
768, 774 (Tex. App.âAustin 1985, orig. proceeding), mand. denied, Perkins v. Third Court of
Appeals, 738 S.W.2d 276 (Tex. 1987). But a trial court is not obligated to inform an accused
pleading guilty or nolo contendere of its discretion to cumulate sentences when admonishing him
or her of the consequences of a plea. Simmons v. State, 457 S.W.2d 281, 283 (Tex. Crim. App.
1970); see Eubanks v. State, 599 S.W.2d 815, 816 (Tex. Crim. App. 1980). Error has not been
shown.
Â Â Â Â Â Â Â Â Â Â Â Â Counsel also argues that the trial court abused its discretion by cumulating the state sentences
with the federal sentence. The decision regarding whether a sentence will run concurrently or
consecutively is within the discretion of the trial court. Tex. Code Crim. Proc. Ann. art. 42.08
(Vernon Supp. 2004â2005); Edwards v. State, 106 S.W.3d 833, 845 (Tex. App.âDallas 2003, pet.
ref'd). A trial court abuses its discretion when it applies an erroneous legal standard or when no
reasonable view of the record supports the trial court's conclusion under the correct law and facts
viewed in the light most favorable to its legal conclusion. DuBose v. State, 915 S.W.2d 493, 497â98
(Tex. Crim. App. 1996), overruled on other grounds, Guzman v. State, 955 S.W.2d 85, 90 (Tex.
Crim. App. 1997). Effectively, in this context, in the absence of a clear violation of law, a trial court
has absolute discretion to cumulate sentences. Smith v. State, 575 S.W.2d 41 (Tex. Crim. App.
1979); Nicholas v. State, 56 S.W.3d 760, 764 (Tex. App.âHouston [14th Dist.] 2001, pet. ref'd). 
There was evidence before the trial court about the type of crime involved, its effect, and Siler's role
as a facilitator for the activity. We cannot say that the court acted without reference to the law in
reaching its conclusion.
Â Â Â Â Â Â Â Â Â Â Â Â Counsel also argues that the trial court abused its discretion by admitting audiotapes into
evidence during the sentencing proceeding. She articulates no reason for those audiotapes to have
been excluded, and none is apparent.
Â Â Â Â Â Â Â Â Â Â Â Â Counsel also argues that Siler did not receive effective assistance of counsel at trial. She
reviewed the actions taken by trial counsel preparing for the sentencing hearing and points out that
a motion was filed by the State to cumulate (or stack) the state sentences onto the federal sentence,
noting Siler's assertion that an objection should have been filed to this motion. Applying the usual
standards under Strickland,


 we recognize that ineffective assistance can only rarely (if ever) be
shown solely by the record of the trial.


 It is not shown by this record. The appellate record does
not mention any discussion, much less any agreement, about whether the sentences would be
concurrent or consecutive. With the record before us, we cannot foreclose the possibility that trial
counsel had a reason for his actions at or before the sentencing hearing. We therefore cannot find
ineffective assistance based on this record, and any further review of this matter is necessarily for
the Texas Court of Criminal Appeals through post-conviction habeas corpus proceedings, if any.



Â Â Â Â Â Â Â Â Â Â Â Â Siler, in his response to counsel's Anders brief, raises a number of issues. Many of those are
disposed of by our discussions of the propriety of the cumulation order. Beyond those issues,
however, Siler contends the plea proceedings between this case and the federal prosecution were so
intertwined as to constitute a single action, and thus cumulation would be improper. The record does
not address this matter in any regard, and we cannot rule based on speculation.
Â Â Â Â Â Â Â Â Â Â Â Â Siler also argues that the trial judge was disqualified because he was a person interested in
the case. None of Siler's allegations on this point are supported by the record. Accordingly, those
contentions are likewise not adequately before us.
Â Â Â Â Â Â Â Â Â Â Â Â Siler further argues that the trial court erred by failing to follow a plea agreement and by
failing to compel the State to abide by the agreement. As mentioned above, the record affirmatively
shows that no plea agreement existed and that an open plea was accepted.
Â Â Â Â Â Â Â Â Â Â Â Â Siler also contends the trial court erred by sentencing him without first obtaining a
presentence investigative (PSI) report under Article 42.12, Section 9(i) of the Texas Code of
Criminal Procedure. See Tex. Code Crim. Proc. Ann. art. 42.12, Â§ 9(i) (Vernon Supp. 2004â2005). 
That section explains the type of information that must be provided in a PSI report when a defendant
appears to have a mental impairment, as observed by the trial court or on suggestion of a party. The
language quoted by Siler in his brief, and on which he relies as showing that a PSI is mandatory if
mental impairment is observed, is no longer in the statute.


 The provision in effect at the time of
Siler's trial no longer makes a PSI report mandatory in that circumstance:
A presentence investigation conducted on any defendant convicted of a felony
offense who appears to the judge through its own observation or on suggestion of a
party to have a mental impairment shall include a psychological evaluation which
determines, at a minimum, the defendant's IQ and adaptive behavior score. The
results of the evaluation shall be included in the report to the court as required by
Subsection (a) of this section.

Id. The effect of the amendment was to remove language indicating a PSI "shall be" prepared when
a felony offender appears to suffer from mental impairment. The revised language provides that, if
the trial court in its discretion orders a PSI report to be prepared, the report must contain a
psychological evaluation of the defendant if said defendant has exhibited mental impairment. 
Holloman v. State, 942 S.W.2d 773, 776 (Tex. App.âBeaumont 1997, no pet.). Further, the right
to have a PSI report prepared before sentencing in a felony case can be forfeited by inaction. Id.;
Wright v. State, 873 S.W.2d 77, 83 (Tex. App.âDallas 1994, pet. ref'd).


 Therefore, for both of
these reasons, the trial court did not err in sentencing Siler without previously having a PSI report
prepared.
Â Â Â Â Â Â Â Â Â Â Â Â Siler also argues the trial court erred by failing to grant him a hearing on his motion for new
trial and denying the motion. A defendant is entitled to a hearing on his or her motion for new trial,
and a trial court abuses its discretion by failing to hold a hearing, if the motion raises matters which
are not determinable from the record and on which relief may be available. Reyes v. State, 849
S.W.2d 812, 816 (Tex. Crim. App. 1993); Callahan v. State, 937 S.W.2d 553, 560 (Tex.
App.âTexarkana 1996, no pet.). In this case, the grounds raised are connected with the present
argument that there was a plea agreement that should have been honored by the State and that
counsel was ineffective for failing to object to its absence. This is, however, directly contrary to
Siler's own statements at the plea proceeding that he was pleading no contest in an open plea. The
trial court questioned Siler extensively about this intention, and ultimately the trial judge left the
courtroom for several minutes so that Siler and trial counsel could confer about the dangers of Siler's
proposed course of action. In the written admonishments, language that would have run all
sentences concurrently was struck out and replaced with the phrase "Open Plea." There was
considerable discussion about the plea, and the trial court specifically asked Siler if he understood
that there was no plea agreement and that he was therefore exposed to the entire punishment range. 
Under these facts, the trial court did not err by failing to conduct a hearing on the motion for new
trial.
Â Â Â Â Â Â Â Â Â Â Â Â We have reviewed the record. We agree with appellate counsel that there is no reversible
error in this case and that the arguable issues raised are not meritorious. We therefore grant her
motion to withdraw as counsel.
Â Â Â Â Â Â Â Â Â Â Â Â We affirm the judgment.
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Josh R. Morriss, III
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Chief Justice

Date Submitted:Â Â Â Â Â Â Â Â Â Â June 6, 2005
Date Decided:Â Â Â Â Â Â Â Â Â Â Â Â Â June 24, 2005

Do Not Publish



00 0"/>
 
 
 
 
 
 
 
 
 
 
 




Â 

Â 

Â 

Â 

Â 

Â 

Â 

Â 

Â 

 In
The

   Court
of Appeals

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Sixth
Appellate District of Texas at Texarkana

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  ______________________________

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  No. 06-11-00060-CV

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  ______________________________

Â 

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  IN THE INTEREST OF A. L. W.,
A CHILD

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 


Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  On Appeal from the 71st Judicial District Court

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Harrison County, Texas

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Trial
Court No. 05-0110

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Before Morriss, C.J.,
Carter and Moseley, JJ.

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Opinion by Justice Carter








Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  O P I N I O N

Â 

I.Â Â Â Â Â Â Â Â Â  Factual and
Procedural History

Â Â Â Â Â Â Â Â Â Â Â  After
a conservatorship of a child has been established, it cannot be attacked in
less than one year unless the movant states under
oath that the child is endangered, or under other facts not relevant here. Â Tex.
Fam. Code Ann. Â§ 156.102 (West Supp. 2011). Â Here, the governing conservatorship order was
entered in November 2010, and on March 1, 2011, Anthony North filed a petition
to modify that order.Â  An ex parte
temporary restraining order was issued which enjoined the childÂs mother,
Ashley Weaver Napier, from, among other things, removing the child from NorthÂs
possession until a hearing could be held.Â 
A hearing was held on April 18, and the trial court entered temporary
orders.Â  A few weeks later, the trial
court granted NapierÂs motion to dismiss NorthÂs petition, finding that the
attached affidavit failed to contain sufficient sworn allegations. 

Â Â Â Â Â Â Â Â Â Â Â  On
appeal, North argues that the trial court erred by granting NapierÂs motion to
dismiss his petition to modify because: Â (1)
the allegations of NorthÂs affidavit were sufficient; and (2) Âa temporary
hearing had already been conducted and temporary orders had been entered by the
trial court.Â 

Â Â Â Â Â Â Â Â Â Â Â  We
reverse and remand the case to the trial court because the April hearing was an
implicit finding that the allegations in NorthÂs affidavit were sufficient. 

II.Â Â Â Â Â Â Â  Implicit Finding 

Â Â Â Â Â Â Â Â Â Â Â  Three
days prior to the April hearing, Napier filed a motion to dismiss NorthÂs
petition on the grounds that the allegations in the affidavit attached to the
petition were insufficient.Â  The April
hearing resulted in new temporary orders.Â 
A few weeks later, on May 5, 2011, the trial court held a hearing on the
motion to dismiss, and after hearing the arguments of the parties and taking
the matter under advisement, dismissed NorthÂs petition because, the court
found, the affidavit failed to allege that Â[t]he childÂs present environment
may endanger the childÂs physical health or significantly impair the childÂs
emotional development.ÂÂ  

Â Â Â Â Â Â Â Â Â Â Â  Section
156.102 of the Texas Family Code provides, in relevant part: 

Â Â Â Â Â Â Â Â Â Â Â  (a)Â Â Â Â Â Â Â  If
a suit seeking to modify the designation of the person having the exclusive
right to designate the primary residence of a child is filed not later than one
year after the earlier of the date of the rendition of the order or the date of
the signing of a mediated or collaborative law settlement agreement on which
the order is based, the person filing the suit shall execute and attach an
affidavit as provided by Subsection (b).

Â 

Â Â Â Â Â Â Â Â Â Â Â  (b)Â Â Â Â Â Â Â  The
affidavit must contain, along with supporting facts, at least one of the
following allegations:

Â 

Â Â Â Â Â Â Â Â Â Â Â  Â Â Â Â Â Â Â Â Â Â Â  (1)Â Â Â Â Â Â Â  that the childÂs present environment may
endanger the childÂs physical health or significantly impair the childÂs
emotional development; 

Â 

Â Â Â Â Â Â Â Â Â Â Â  Â Â Â Â Â Â Â Â Â Â Â  (2)Â Â Â Â Â Â Â  that the person who has the exclusive
right to designate the primary residence of the child is the person seeking or
consenting to the modification and the modification is in the best interest of
the child; or 

Â 

Â Â Â Â Â Â Â Â Â Â Â  Â Â Â Â Â Â Â Â Â Â Â  (3)Â Â Â Â Â Â Â  that the person who has the exclusive right
to designate the primary residence of the child has voluntarily relinquished
the primary care and possession of the child for at least six months and the
modification is in the best interest of the child. 

Â 

Â Â Â Â Â Â Â Â Â Â Â  (c)Â Â Â Â Â Â Â  The
court shall deny the relief sought and refuse to schedule a hearing for
modification under this section unless the court determines, on the basis of
the affidavit, that facts adequate to support an allegation listed in
Subsection (b) are stated in the affidavit. Â If the court determines that the facts stated
are adequate to support an allegation, the court shall set a time and place for
the hearing.

Â 

Tex. Fam.
Code Ann. Â§ 156.102.[1]Â  

Â Â Â Â Â Â Â Â Â Â Â  We
review a trial courtÂs decision regarding custody, control, and possession
matters involving a child under an abuse of discretion standard. Â Gillespie
v. Gillespie, 644 S.W.2d 449, 451 (Tex. 1982); Voros v. Turnage, 856 S.W.2d 759, 760Â61 (Tex.
App.ÂHouston [1st Dist.] 1993, writ denied). Â A trial court abuses its discretion when its
ruling is arbitrary, unreasonable, or without reference to any guiding rules or
legal principles. Â K-Mart Corp. v. Honeycutt, 24 S.W.3d 357, 360 (Tex. 2000); Holtzman v. Holtzman,
993 S.W.2d 729, 734 (Tex. App.ÂTexarkana 1999, pet. denied). 

Â Â Â Â Â Â Â Â Â Â Â  To
evaluate the sufficiency of the supporting affidavit, the trial court was
required to look at the sworn facts and determine whether, if true, they
justified a hearing on the petition to modify. Â See
Mobley v. Mobley, 684 S.W.2d 226, 229 (Tex. App.ÂFort Worth 1985, writ dismÂd). Â A
petitioner is entitled to a hearing on his or her motion to modify if he or she
swears to facts adequate to support a finding that (1) the childÂs physical
health may be endangered or his or her emotional development significantly
impaired by the present environment, or (2) the sole managing conservator
either seeks to modify sole managing conservatorship or has relinquished care,
control, and possession of the child for at least six months and modification
is in the childÂs best interest. Â Id.

Â Â Â Â Â Â Â Â Â Â Â  If
the affidavit is not filed or is insufficient, Section 156.102(c) requires the
trial court to deny the motion to modify and refuse to schedule a hearing on
its merits.Â  Tex. Fam. Code Ann. Â§Â 156.102(c).Â  However, the trial court does not have to
make a specific finding on the record that the affidavit was sufficient to
warrant a hearing; the fact that the court set the hearing was, itself, proof
that it regarded a filed affidavit as adequate.Â 
In re J.K.B., 750 S.W.2d 367
(Tex. App.ÂBeaumont 1988, no writ) (ruling under previous statute); In re S.A.E., No.Â 06-08-00139-CV,
2009 WL 2060087 (Tex. App.ÂTexarkana July 17, 2009, no pet.) (mem. op.).Â  Even if a
court erroneously holds a hearing despite the absence of an affidavit, any error
is rendered harmless if the testimony admitted during the hearing would support
an allegation that the childrenÂs environment may significantly impair their
emotional development.Â  In re A.C.S., 157 S.W.3d 9, 18Â19 (Tex.
App.ÂWaco 2004, no pet.). 

Â Â Â Â Â Â Â Â Â Â Â  In
his affidavit, North stated, in relevant part,

Â Â Â Â Â Â Â Â Â Â Â  On or about February 17, 2011,
Ashley Napier voluntarily placed our child with me, due to the police being
called out to her residence with Robert Napier because of domestic violence and
that Ashley threatened to kill herself and her daughter.

Â 

Â Â Â Â Â Â Â Â Â Â Â  . . . .

Â 

Â Â Â Â Â Â Â Â Â Â Â  Ashley signed a safety plan stating
that she would leave [the child] with me until March 22, 2011.

Â 

Â Â Â Â Â Â Â Â Â Â Â  . . . .

Â 

Â Â Â Â Â Â Â Â Â Â Â  I am afraid that if Ashley gets [the
child] back, he will be in danger of being hurt by Ashley.

Â 

The parties dispute the sufficiency
of these allegations, and in addition, North contends that the April hearing
rendered NapierÂs motion to dismiss moot because testimony was heard regarding
the same allegations contained in the affidavit.

Â Â Â Â Â Â Â Â Â Â Â  At
the outset of the April hearing, the following discussion took place between
the trial court and NapierÂs attorney, Michael L. Bernoudy,
Jr.:

Â Â Â Â Â Â Â Â Â Â Â  THE COURT:Â  Okay. Â I
can tell you right now the only thing I am going to hear this afternoon will be
the issue on the Motion to Modify. Â Then
I will entertain the Motion to Contempt.[2] 

Â 

Â Â Â Â Â Â Â Â Â Â Â  MR. BERNOUDY: Â When you say the ÂissueÂ, I thought the last
time you were going to take up the temporary restraining orders as well.Â  

Â 

Â Â Â Â Â Â Â Â Â Â Â  THE COURT:Â Â  Yes. Â What
I am saying is, the contempt matter, I am not going to address this
afternoon.Â  

Â 

Napier failed to raise the issue of
the motion to dismiss that she had filed three days prior to the hearing.Â  

Â Â Â Â Â Â Â Â Â Â Â  During
the April hearing, Cassity Caviler with Child Protective
Services (CPS), testified that in February 2011, Ashley reported that her
husband,[3]
Robert Napier, had abused her and that Robert had Âmade a call[4]
stating that Ashley had made threats . . . [t]o harm herself and the children.ÂÂ  She also testified that CPS had investigated[5] the
February incident and that if the allegations were true, she would recommend
that the children go back due to serious concerns about domestic violence and
NapierÂs drug history.Â  Jeannie Weaver,
NapierÂs mother, testified that after the February incident, she saw the
bruises that Napier accused Robert of causing.Â 
The bruises were Âon her back . . . both knees, up and down her legs, .
. . and I donÂt remember if she had any on her arms or not.ÂÂ  

Â Â Â Â Â Â Â Â Â Â Â  During
questioning, the trial court characterized the hearing as Âa real custody
fight.ÂÂ  After five witnesses had
testified and the trial court intended to recess the proceedings, the court
said, ÂI donÂt [want] to take the hearing back up until the [medical] records[6] are
turned over,Â Â[t]his is an ideal point to break . . . . ,Â and the court told
the parties to Â[s]et this matter for another hearing once those [medical]
records are in.Â 

Â Â Â Â Â Â Â Â Â Â Â  By
setting and conducting the hearing, the trial court implicitly found the facts
in the affidavit were adequate to support the allegation; otherwise, the trial
court was required to deny the hearing.Â 
NapierÂs failure to bring her motion to dismiss to the courtÂs attention
effectively waived the motion.Â 
Accordingly, we reverse the trial courtÂs order dismissing NorthÂs
petition and remand the case for further proceedings. 

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Jack
Carter

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Justice

Â 

Date Submitted:Â Â Â Â Â Â Â Â Â  November 28, 2011

Date Decided:Â Â Â Â Â Â Â Â Â Â Â Â  December 9, 2011

Â 











[1]Here,
it is undisputed that Section 156.102 applies because NorthÂs petition was
filed less than a year after the November 1, 2010, custody orders, and the
petition seeks to modify the party to designate the childÂs primary residence
and the terms of conservatorship and possession.Â  





[2]Napier
had previously filed a motion for contempt against North.Â  The motion for contempt is not at issue in
this appeal.

Â 





[3]The
record indicates that at the time of the hearing, a divorce was pending between
Ashley and Robert Napier. 

Â 





[4]The
call was presumably made to CPS.

Â 





[5]The
record does not indicate that the investigation was completed or whether it had
reached any conclusion or recommendation.

Â 





[6]Napier
had recently been injured in a car accident.