In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-11-00060-CV

                                                ______________________________

 

 

 

                             IN THE INTEREST OF A. L. W.,
A CHILD

 

 

                                                                                                  


 

 

                                        On Appeal from the 71st Judicial District Court

                                                           Harrison County, Texas

                                                           Trial
Court No. 05-0110

 

                                                      
                                            

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                                          Opinion by Justice Carter








                                                                   O P I N I O N

 

I.          Factual and
Procedural History

            After
a conservatorship of a child has been established, it cannot be attacked in
less than one year unless the movant states under
oath that the child is endangered, or under other facts not relevant here.  Tex.
Fam. Code Ann. § 156.102 (West Supp. 2011).  Here, the governing conservatorship order was
entered in November 2010, and on March 1, 2011, Anthony North filed a petition
to modify that order.  An ex parte
temporary restraining order was issued which enjoined the child’s mother,
Ashley Weaver Napier, from, among other things, removing the child from North’s
possession until a hearing could be held. 
A hearing was held on April 18, and the trial court entered temporary
orders.  A few weeks later, the trial
court granted Napier’s motion to dismiss North’s petition, finding that the
attached affidavit failed to contain sufficient sworn allegations. 

            On
appeal, North argues that the trial court erred by granting Napier’s motion to
dismiss his petition to modify because:  (1)
the allegations of North’s affidavit were sufficient; and (2) “a temporary
hearing had already been conducted and temporary orders had been entered by the
trial court.” 

            We
reverse and remand the case to the trial court because the April hearing was an
implicit finding that the allegations in North’s affidavit were sufficient. 

II.        Implicit Finding 

            Three
days prior to the April hearing, Napier filed a motion to dismiss North’s
petition on the grounds that the allegations in the affidavit attached to the
petition were insufficient.  The April
hearing resulted in new temporary orders. 
A few weeks later, on May 5, 2011, the trial court held a hearing on the
motion to dismiss, and after hearing the arguments of the parties and taking
the matter under advisement, dismissed North’s petition because, the court
found, the affidavit failed to allege that “[t]he child’s present environment
may endanger the child’s physical health or significantly impair the child’s
emotional development.”  

            Section
156.102 of the Texas Family Code provides, in relevant part: 

            (a)        If
a suit seeking to modify the designation of the person having the exclusive
right to designate the primary residence of a child is filed not later than one
year after the earlier of the date of the rendition of the order or the date of
the signing of a mediated or collaborative law settlement agreement on which
the order is based, the person filing the suit shall execute and attach an
affidavit as provided by Subsection (b).

 

            (b)        The
affidavit must contain, along with supporting facts, at least one of the
following allegations:

 

                        (1)        that the child’s present environment may
endanger the child’s physical health or significantly impair the child’s
emotional development; 

 

                        (2)        that the person who has the exclusive
right to designate the primary residence of the child is the person seeking or
consenting to the modification and the modification is in the best interest of
the child; or 

 

                        (3)        that the person who has the exclusive right
to designate the primary residence of the child has voluntarily relinquished
the primary care and possession of the child for at least six months and the
modification is in the best interest of the child. 

 

            (c)        The
court shall deny the relief sought and refuse to schedule a hearing for
modification under this section unless the court determines, on the basis of
the affidavit, that facts adequate to support an allegation listed in
Subsection (b) are stated in the affidavit.  If the court determines that the facts stated
are adequate to support an allegation, the court shall set a time and place for
the hearing.

 

Tex. Fam.
Code Ann. § 156.102.[1]  

            We
review a trial court’s decision regarding custody, control, and possession
matters involving a child under an abuse of discretion standard.  Gillespie
v. Gillespie, 644 S.W.2d 449, 451 (Tex. 1982); Voros v. Turnage, 856 S.W.2d 759, 760–61 (Tex.
App.—Houston [1st Dist.] 1993, writ denied).  A trial court abuses its discretion when its
ruling is arbitrary, unreasonable, or without reference to any guiding rules or
legal principles.  K-Mart Corp. v. Honeycutt, 24 S.W.3d 357, 360 (Tex. 2000); Holtzman v. Holtzman,
993 S.W.2d 729, 734 (Tex. App.—Texarkana 1999, pet. denied). 

            To
evaluate the sufficiency of the supporting affidavit, the trial court was
required to look at the sworn facts and determine whether, if true, they
justified a hearing on the petition to modify.  See
Mobley v. Mobley, 684 S.W.2d 226, 229 (Tex. App.—Fort Worth 1985, writ dism’d).  A
petitioner is entitled to a hearing on his or her motion to modify if he or she
swears to facts adequate to support a finding that (1) the child’s physical
health may be endangered or his or her emotional development significantly
impaired by the present environment, or (2) the sole managing conservator
either seeks to modify sole managing conservatorship or has relinquished care,
control, and possession of the child for at least six months and modification
is in the child’s best interest.  Id.

            If
the affidavit is not filed or is insufficient, Section 156.102(c) requires the
trial court to deny the motion to modify and refuse to schedule a hearing on
its merits.  Tex. Fam. Code Ann. § 156.102(c).  However, the trial court does not have to
make a specific finding on the record that the affidavit was sufficient to
warrant a hearing; the fact that the court set the hearing was, itself, proof
that it regarded a filed affidavit as adequate. 
In re J.K.B., 750 S.W.2d 367
(Tex. App.—Beaumont 1988, no writ) (ruling under previous statute); In re S.A.E., No. 06-08-00139-CV,
2009 WL 2060087 (Tex. App.—Texarkana July 17, 2009, no pet.) (mem. op.).  Even if a
court erroneously holds a hearing despite the absence of an affidavit, any error
is rendered harmless if the testimony admitted during the hearing would support
an allegation that the children’s environment may significantly impair their
emotional development.  In re A.C.S., 157 S.W.3d 9, 18–19 (Tex.
App.—Waco 2004, no pet.). 

            In
his affidavit, North stated, in relevant part,

            On or about February 17, 2011,
Ashley Napier voluntarily placed our child with me, due to the police being
called out to her residence with Robert Napier because of domestic violence and
that Ashley threatened to kill herself and her daughter.

 

            . . . .

 

            Ashley signed a safety plan stating
that she would leave [the child] with me until March 22, 2011.

 

            . . . .

 

            I am afraid that if Ashley gets [the
child] back, he will be in danger of being hurt by Ashley.

 

The parties dispute the sufficiency
of these allegations, and in addition, North contends that the April hearing
rendered Napier’s motion to dismiss moot because testimony was heard regarding
the same allegations contained in the affidavit.

            At
the outset of the April hearing, the following discussion took place between
the trial court and Napier’s attorney, Michael L. Bernoudy,
Jr.:

            THE COURT:  Okay.  I
can tell you right now the only thing I am going to hear this afternoon will be
the issue on the Motion to Modify.  Then
I will entertain the Motion to Contempt.[2] 

 

            MR. BERNOUDY:  When you say the “issue”, I thought the last
time you were going to take up the temporary restraining orders as well.  

 

            THE COURT:   Yes.  What
I am saying is, the contempt matter, I am not going to address this
afternoon.  

 

Napier failed to raise the issue of
the motion to dismiss that she had filed three days prior to the hearing.  

            During
the April hearing, Cassity Caviler with Child Protective
Services (CPS), testified that in February 2011, Ashley reported that her
husband,[3]
Robert Napier, had abused her and that Robert had “made a call[4]
stating that Ashley had made threats . . . [t]o harm herself and the children.”  She also testified that CPS had investigated[5] the
February incident and that if the allegations were true, she would recommend
that the children go back due to serious concerns about domestic violence and
Napier’s drug history.  Jeannie Weaver,
Napier’s mother, testified that after the February incident, she saw the
bruises that Napier accused Robert of causing. 
The bruises were “on her back . . . both knees, up and down her legs, .
. . and I don’t remember if she had any on her arms or not.”  

            During
questioning, the trial court characterized the hearing as “a real custody
fight.”  After five witnesses had
testified and the trial court intended to recess the proceedings, the court
said, “I don’t [want] to take the hearing back up until the [medical] records[6] are
turned over,” “[t]his is an ideal point to break . . . . ,” and the court told
the parties to “[s]et this matter for another hearing once those [medical]
records are in.” 

            By
setting and conducting the hearing, the trial court implicitly found the facts
in the affidavit were adequate to support the allegation; otherwise, the trial
court was required to deny the hearing. 
Napier’s failure to bring her motion to dismiss to the court’s attention
effectively waived the motion. 
Accordingly, we reverse the trial court’s order dismissing North’s
petition and remand the case for further proceedings. 

 

 

                                                                        Jack
Carter

                                                                        Justice

 

Date Submitted:          November 28, 2011

Date Decided:             December 9, 2011

 











[1]Here,
it is undisputed that Section 156.102 applies because North’s petition was
filed less than a year after the November 1, 2010, custody orders, and the
petition seeks to modify the party to designate the child’s primary residence
and the terms of conservatorship and possession.  





[2]Napier
had previously filed a motion for contempt against North.  The motion for contempt is not at issue in
this appeal.

 





[3]The
record indicates that at the time of the hearing, a divorce was pending between
Ashley and Robert Napier. 

 





[4]The
call was presumably made to CPS.

 





[5]The
record does not indicate that the investigation was completed or whether it had
reached any conclusion or recommendation.

 





[6]Napier
had recently been injured in a car accident.